1  **GAUNTLETT & ASSOCIATES**
   David A. Gauntlett (SBN 96399)
2  James A. Lowe (SBN 214383)
   18400 Von Karman, Suite 300
3  Irvine, California 92612
   Telephone: (949) 553-1010
4  Facsimile:  (949) 553-2050
   info@gauntlettlaw.com
5  jal@gauntlettlaw.com
   Attorneys for Defendants and Counterclaimants,
6  BRIAN MACDONALD and LOVESURF, INC.

7

8                    **UNITED STATES DISTRICT COURT**

9                    **SOUTHERN DISTRICT OF CALIFORNIA**

10

11  GINA CHAMPION-CAIN, an individual; ) Case No.:  **3:14-CV-02540-GPC-BLM**
    LUV SURF, LP, a California limited   )
12  partnership; ANI COMMERCIAL CA I,    ) Hon. Gonzalo P. Curiel
    LLC, a California limited liability  )
13  company; ANI COMMERCIAL CA II,       ) **DEFENDANTS' ANSWER TO**
    LP, a California limited partnership, ) **COMPLAINT AND**
14                                       ) **COUNTERCLAIM FOR:**
                    Plaintiffs,          )
15          vs.                          ) **1) Trademark Infringement**
                                         ) **2) Misappropriation of Trade Secrets**
16  BRIAN MACDONALD, an individual;      )
    LOVESURF, INC., a Delaware           )
17  corporation, and DOES 1-10, inclusive, ) Complaint Filed: October 23, 2014
                                         )
18  _____Defendant._____             )
                                         )
19  BRIAN MACDONALD, an individual;      )
    LOVESURF, INC., a Delaware           )
20  corporation,                         )
                                         )
21              Counterclaimant,         )
                                         )
22          vs.                          )
                                         )
23  GINA CHAMPION-CAIN, an individual;   )
    LUV SURF, LP, a California limited   )
24  partnership; ANI COMMERCIAL CA I,    )
    LLC, a California limited liability  )
25  company; ANI COMMERCIAL CA II,       )
    LP, a California limited partnership; and )
26  ROES 1-50, inclusive,                )
                                         )
27  _____Counter-Defendants,_____    )

28

Defendants Lovesurf, Inc. and Brian MacDonald (collectively "Lovesurf") answer the Complaint filed by Plaintiffs Gina Champion-Cain, Luv Surf, LP, ANI Commercial CA I, LLC, and ANI Commercial CA II, LP ("Plaintiffs") as follows:

1. Lovesurf denies the allegations in paragraph 1.

2. Lovesurf lacks sufficient knowledge to admit or deny the allegations in paragraph 2 and therefore denies the same.

3. Lovesurf lacks sufficient knowledge to admit or deny the allegations in paragraph 3 and therefore denies the same.

4. Lovesurf lacks sufficient knowledge to admit or deny the allegations in paragraph 4 and therefore denies the same.

5. Lovesurf lacks sufficient knowledge to admit or deny the allegations in paragraph 5 and therefore denies the same.

6. Lovesurf lacks sufficient knowledge to admit or deny the allegations in paragraph 6 and therefore denies the same.

7. Lovesurf admits that it is managed by Defendant MacDonald. Lovesurf denies all other allegations of paragraph 7.

8. Lovesurf admits that it is a Delaware Corporation with its principal place of business at 107 Avenida De La Estrella, Suite 102, San Clemente, California 92672. Lovesurf admits that it conducts business via the Internet on www.lovesurf.com and www.luvsurf.com. Lovesurf admits that it is managed by Defendant MacDonald. Lovesurf denies all other allegations of paragraph 8.

9. Lovesurf denies the allegations in paragraph 9.

10. Lovesurf denies the allegations in paragraph 10.

11. Paragraph 11 does not contain an allegation of fact requiring a response.

12. Lovesurf denies the allegations in paragraph 12.

13. Lovesurf denies the allegations in paragraph 13.

14. Lovesurf denies the allegations in paragraph 14.

15. Lovesurf denies the allegations in paragraph 15.

16. Lovesurf denies the allegations in paragraph 16.

17. Lovesurf denies the allegations in paragraph 17.

18. Lovesurf denies the allegations in paragraph 18.

19. Paragraph 19 does not contain an allegation of fact requiring a response.

20. Lovesurf lacks sufficient knowledge to admit or deny the allegations in paragraph 20 and therefore denies the same.

21. Lovesurf lacks sufficient knowledge to admit or deny the allegations in paragraph 21 and therefore denies the same.

22. Lovesurf lacks sufficient knowledge to admit or deny the allegations in paragraph 22 and therefore denies the same.

23. Lovesurf denies the allegations in paragraph 23.

24. Lovesurf lacks sufficient knowledge to admit or deny the allegations in paragraph 24 and therefore denies the same.

25. Lovesurf lacks sufficient knowledge to admit or deny the allegations in paragraph 25 and therefore denies the same.

26. Lovesurf denies the allegations in paragraph 26.

27. Lovesurf denies the allegations in paragraph 27.

28. Lovesurf lacks sufficient knowledge to admit or deny the allegations in paragraph 28 and therefore denies the same.

29. Lovesurf lacks sufficient knowledge to admit or deny the allegations in paragraph 29 and therefore denies the same.

30. Lovesurf denies the allegations in paragraph 30.

31. Lovesurf admits that it actually sold merchandise with the words "Lovesurf" in combination with its heart logo beginning about July 5, 2013. Lovesurf, however, used the mark "Lovesurf" on clothing since August 2011, and in combination with its heart logo beginning in March 2012. Lovesurf denies the other allegations in paragraph 31.

32. Lovesurf denies the allegations in paragraph 32.

1    33.    Lovesurf admits that it filed a trademark application for its mark on May 27, 2014 and that the application indicated that the first use of the mark in commerce was about July 5, 2013. Lovesurf, however, used the mark "Lovesurf" on clothing since August 2011, and in combination with its heart logo beginning in March 2012. Lovesurf denies that the trademark application was rejected and further denies all other allegations of paragraph 33.

34.    Lovesurf admits the allegations in paragraph 34.

35.    Lovesurf admits that it attended the SuperGirl Pro surf competition to promote its merchandise. Lovesurf denies all other allegations in paragraph 35.

36.    Lovesurf denies the allegations in paragraph 36.

37.    Lovesurf denies the allegations in paragraph 37.

38.    Lovesurf denies the allegations in paragraph 38.

39.    Lovesurf admits that Plaintiffs sent a cease and desist letter to Lovesurf on July 1, 2014; however, Lovesurf denies Plaintiffs' characterization of the contents of that letter. Lovesurf denies all other allegations of paragraph 39.

40.    Lovesurf denies the allegations in paragraph 40.

41.    Lovesurf admits that it has corresponded with some Plaintiffs. Lovesurf denies that it is engaging in infringing and defamatory behavior. Lovesurf denies all other allegations in paragraph 41.

42.    Lovesurf admits it has purchased Google advertising words for Luv Surf Apparel. Lovesurf denies all other allegations of paragraph 42.

43.    Lovesurf admits it called Plaintiffs' public relations company on October 7, 2014; however, Lovesurf denies that its statements were defamatory or slanderous and denies Plaintiffs' characterization of the contents of that call.

44.    Lovesurf admits it called the San Diego Union Tribune on October 7, 2014; however, Lovesurf denies that its statements were defamatory or slanderous and denies Plaintiffs' characterization of the contents of that call.

45.    Lovesurf incorporates here by reference its responses to paragraphs 1

| | |
|---|---|
| 1 | through 44 of the Complaint. |
| 2 | 46. Lovesurf denies the allegations in paragraph 46. |
| 3 | 47. Lovesurf denies the allegations in paragraph 47. |
| 4 | 48. Lovesurf denies the allegations in paragraph 48. |
| 5 | 49. Lovesurf incorporates here by reference its responses to paragraphs 1 through 48 of the Complaint. |
| 7 | 50. Lovesurf denies the allegations in paragraph 50. |
| 8 | 51. Lovesurf denies the allegations in paragraph 51. |
| 9 | 52. Lovesurf denies the allegations in paragraph 52. |
| 10 | 53. Lovesurf incorporates here by reference its responses to paragraphs 1 through 52 of the Complaint. |
| 12 | 54. Lovesurf denies the allegations in paragraph 54. |
| 13 | 55. Lovesurf denies the allegations in paragraph 55. |
| 14 | 56. Lovesurf denies the allegations in paragraph 56. |
| 15 | 57. Lovesurf incorporates here by reference its responses to paragraphs 1 through 56 of the Complaint. |
| 17 | 58. Lovesurf denies the allegations in paragraph 58. |
| 18 | 59. Lovesurf denies the allegations in paragraph 59. |
| 19 | 60. Lovesurf denies the allegations in paragraph 60. |
| 20 | 61. Lovesurf denies the allegations in paragraph 61. |
| 21 | 62. Lovesurf denies the allegations in paragraph 62. |
| 22 | 63. Lovesurf denies the allegations in paragraph 63. |
| 23 | 64. Lovesurf denies that Plaintiffs are entitled to any of the relief sought in paragraph 64. |
| 25 | 65. Lovesurf denies that Plaintiffs are entitled to any of the relief sought in paragraph 65. |
| 27 | 66. Lovesurf denies that Plaintiffs are entitled to any of the relief sought in paragraph 66. |

67. Lovesurf denies that Plaintiffs are entitled to any of the relief sought in paragraph 67.

68. Lovesurf denies that Plaintiffs are entitled to any of the relief sought in paragraph 68.

69. Lovesurf denies that Plaintiffs are entitled to any of the relief sought in paragraph 69.

70. Lovesurf denies that Plaintiffs are entitled to any of the relief sought in paragraph 70.

71. Lovesurf denies that Plaintiffs are entitled to any of the relief sought in paragraph 71.

72. Lovesurf denies that Plaintiffs are entitled to any of the relief sought in paragraph 72.

73. Lovesurf denies that Plaintiffs are entitled to any of the relief sought in paragraph 73.

74. Lovesurf denies that Plaintiffs are entitled to any of the relief sought in paragraph 74.

## **DENIAL OF ALL OTHER CLAIMS**

Except and unless specifically admitted herein, Lovesurf denies all other allegations of the Complaint.

## **AFFIRMATIVE DEFENSES**

1. The Complaint fails to state facts sufficient to constitute a cause of action upon which relief can be granted.

2. Plaintiffs' claims are barred by any applicable statute of limitations.

3. Plaintiffs' claims are barred by the doctrine of laches.

4. Plaintiffs' claims are barred by the doctrine of equitable estoppel.

5. Plaintiffs' claims are barred by the doctrine of waiver.

6. Plaintiffs' claims are barred by the doctrine of unclean hands.

7. Plaintiffs' claims are barred or unenforceable based on the doctrine of

trademark misuse.

8. Plaintiffs' claims are barred to the extent they lack standing to assert claims for each claimed trademark.

9. Plaintiffs' claims are barred to the extent they lack valid registrations of trademarks alleged in the Complaint.

10. Plaintiffs' claims are barred to the extent Plaintiffs' claimed trademarks are invalid and/or not protectable.

12. Plaintiffs' claims are barred to the extent Plaintiffs do not own their claimed trademarks.

13. Plaintiffs' claims are barred to the extent that Defendants' alleged use of its marks are not likely to cause confusion among ordinary consumers as to the source, sponsorship, affiliation, or approval of the goods.

14. Plaintiffs' claims are barred to the extent Plaintiffs' claimed trademarks are not inherently distinctive and/or have not acquired secondary meaning.

15. Plaintiffs' claims are barred due to Defendants' prior use of the marks.

16. Plaintiffs' claims are barred because Defendants have continuously used its marks without interruption, such use began without knowledge of Plaintiffs' alleged prior use elsewhere if any, and Defendant used its marks before Plaintiffs applied for registration, registered the marks, and/or published the registered marks.

17. Plaintiffs' claims are barred by the doctrine of abandonment.

18. Plaintiffs' claims are barred by the doctrine of fair use.

19. Plaintiffs' claims are barred because Plaintiffs have engaged in naked licensing of their trademarks resulting in the abandonment of their marks.

20. Plaintiffs' consented to Defendants' use of the marks and therefore Plaintiffs' action is barred by the equitable principle of acquiescence.

21. Plaintiffs' have misrepresented the source of the goods or services in connection with which its claimed trademarks are used.

22. Plaintiffs' obtained the registration of its claimed trademarks

fraudulently.

23. Plaintiffs' claims are barred by their failure to mitigate damages.

24. Defendants have not directly infringed, indirectly infringed, contributed to or induced infringement of any valid and enforceable claim, whether under state or federal law, and has not otherwise committed any acts in violation thereof.

25. Should Defendants be found to have infringed on Plaintiffs' claimed trademarks, such infringement was not willful.

26. Plaintiffs' claims are barred because infringement by Defendants, if any, was innocent in that Defendants had no knowledge of the claimed trademarks.

27. Plaintiffs' claims are barred, in whole or in part, because any or all of Defendants' conduct has been lawful, justified, and/or privileged.

28. The statements complained of in the Complaint, if made at all, related to a matter of public concern and thus are constitutionally protected in the absence of fault. Defendants were not negligent in publishing or broadcasting the statements complained of. Therefore, Defendants are protected from liability by constitutional privilege.

29. The statements complained of in the Complaint, if made at all, were not false. To the contrary, they were completely truthful.

30. The statements complained of in the Complaint, if made at all, were made by Defendants in good faith, honestly, and not maliciously.

31. The statements complained of in the Complaint, if made at all, are protected by the litigation privilege.

32. The statements complained of in the Complaint, if made at all, were made without any feelings by Defendants of hatred or ill will for Plaintiffs and to a person(s) who was interested in the subject matter of the communication. Defendants are persons who were also interested in the subject matter of the communication and had an innocent motive in making the statements complained of by Plaintiffs *or* were requested to make the statements and therefore is eligible for the qualified privilege

181388.2-10751-002-12/5/2014 5:07 PM        7        **DEFENDANTS' ANSWER TO COMPLAINT AND COUNTERCLAIM**
**Case No. 3:14-CV-02540-GPC-BLM.**

under Civ. Code §47(c).

33. Lovesurf reserves the right to allege additional affirmative defenses as they may become known, or as they evolve during the litigation, and to amend this Answer accordingly.

## DEFENDANTS' COUNTERCLAIM AGAINST PLAINTIFFS

Defendants and Counter-claimants Lovesurf, Inc. and Brian MacDonald (collectively "Lovesurf") counterclaim and allege against Plaintiffs and Counter-defendants Gina Champion-Cain, Luv Surf, LP, ANI Commercial CA I, LLC, and ANI Commercial CA II, LP ("Plaintiffs") and ROES 1-10 (collectively "Counter Defendants"), as follows:

## INTRODUCTION

1. Lovesurf brings this counterclaim in response to Plaintiffs' infringement of Lovesurf's inherently distinctive trademarks in a manner confusing to the public and diluting and tarnishing Lovesurf's marks, brand, and image. Plaintiffs intentionally copied and used Lovesurf's marks in an effort to capitalize on Lovesurf's valuable brand and image. In addition, Plaintiffs wrongfully used trade secrets obtained from a former Lovesurf employee. Lovesurf brings this action pursuant to the Lanham Act, 15 U.S.C. §1051, et seq., and the unfair trade practices act, California Business and Professions Code §17200, et seq. Lovesurf seeks damages for the improper use of its marks as well as the cancellation of trademarks obtained by Plaintiffs.

## THE PARTIES

2. Lovesurf, Inc. is a Delaware corporation with its principal place of business at 107 Avenida De La Estrella, #102, San Clemente, CA 92672. Lovesurf, Inc. does business throughout California and the world via the internet.

3. Brian MacDonald is an individual residing in San Clemente, California and is the President and a shareholder of Lovesurf, Inc.

4. Upon information and belief, Plaintiff Gina Champion-Cain ("Champion-

1 Cain") is an individual residing in San Diego, California.

2 5. Upon information and belief, Plaintiff Luv Surf, LP is a California
3 limited partnership, whose principal place of business is 4439 Lamont Street, San
4 Diego, CA 92109.

5 6. Upon information and belief, Plaintiff ANI Commercial CA I, LLC is a
6 California limited liability company, whose principal place of business is 4445
7 Lamont Street, San Diego, CA 92109.

8 7. Upon information and belief, Plaintiff ANI Commercial CA II, LLC is a
9 California limited liability company, whose principal place of business is 4439
10 Lamont Street, San Diego, CA 92109.

11 8. Lovesurf is ignorant of the true names and capacities of Counter Defendants
12 sued herein as ROES 1-10, inclusive, and therefore sues these Counter Defendants by
13 such fictitious names. Lovesurf will amend the counterclaim to allege their true names
14 and capacities when ascertained. Lovesurf is informed and believes, and thereon
15 alleges, that each of the fictitiously named Counter Defendants is responsible in some
16 manner for the occurrences herein alleged, and that Lovesurf's injuries herein alleged
17 were proximately caused by their conduct.

18 9. Lovesurf is informed and believes, and thereon alleges, that at all times
19 herein mentioned, each of the Counter Defendants was the agent, alter-ego, and
20 employee of each of the remaining Counter Defendants, and in doing the things
21 hereinafter alleged, was acting within the course and scope of such agency and
22 employment.

## JURISDICTION AND VENUE

24 10. This action arises under the Lanham Act, Act of July 5, 194660 Stat.
25 427, USC, Title 15, Sections 1051–1127. Jurisdiction is vested in this Court by virtue
26 of 15 U.S.C. §§ 1116, 1119, and 1121 and 28 U.S.C. §§ 1331 and 1338. This Court
27 has supplemental jurisdiction over Lovesurf's claims brought under the laws of the
28 State of California pursuant to 28 U.S.C. § 1367, because the claims are all part of the

same case and controversy as those brought pursuant to federal law.

11. The court has personal jurisdiction over Plaintiffs and venue is proper in this district as Plaintiffs are residents of San Diego County where this district is located.

## **FACTUAL BACKGROUND**

12. At all relevant times, Lovesurf has been and is engaged in the design, manufacture, and sale of surf themed clothing and consumer goods.

13. Lovesurf sells its goods under the several trademarks including but not limited to the word mark "Lovesurf," the word mark "Luvsurf," a stylized heart logo (the "Heart Logo") and a stylized Heart logo next to the word mark "Lovesurf" (the "Heart Lovesurf Logo") (collectively "Lovesurf's marks").

14. Lovesurf first adopted and used the "Lovesurf" word mark in 2009 in connection with the registration of its web domain www.lovesurf.com. Lovesurf first used its "Lovesurf" word mark in connection with the sale of surf themed clothing on or about August 15, 2011. Lovesurf has continuously used the mark to the present.

15. Lovesurf first adopted and used the "Luvsurf" word mark in or about 2010 in connection with the registration of its web domain www.luvsurf.com and has continuously used the mark to the present. Lovesurf first used the "Luvsurf" word mark in connection with the sale of surf themed clothing in or about early 2012. Lovesurf has continuously used the mark to the present.

16. Lovesurf first used its "Heart Logo" consisting of a stylized heart with a wave on or about December 28, 2011 and has continuously used the mark to the present.

17. Lovesurf first used its "Heart Lovesurf Logo" consisting of its stylized Heart Logo next to the word mark "Lovesurf" on or about March 4, 2012 and has continuously used the mark to the present.

18. Lovesurf employed Chris Kramer for a short time from about December 2011 to January 3, 2012 at which time Mr. Kramer quit and took a position with one

or more of the Plaintiffs. As part of his position with Lovesurf, Mr. Kramer had access to Lovesurf's confidential business plans, designs, and strategies. Upon information and belief, Mr. Kramer shared this confidential information with Plaintiffs who then used the confidential information to start their surf clothing and accessories business.

19. Plaintiffs began operating a pet-friendly vacation home rental business beginning no earlier than August 2011. Plaintiffs used the name "Luv San Diego Surf" in connection with their rental business beginning at an unknown time no earlier than August 2011. At a later time, on information and belief, Plaintiffs also began using the "Luv San Diego Surf" logo.

20. At a time no earlier than January 2012, Plaintiffs began to include their "Luv San Diego Surf" logo on materials they provided to their renters.

21. In or about July 2012, Plaintiffs opened a retail store in San Diego selling merchandise using the "Luv San Diego Surf" logo. At some later point, Plaintiffs began using the term "Luv Surf" in connection with its business. Plaintiffs' use of this term infringes on Lovesurf's prior use of the marks "Lovesurf" and "Luvsurf."

22. After the registration of Lovesurf's domain names, Plaintiffs registered the substantially similar web domain names www.luv-surf.com, www.luvsurfclothing.com, www.luvsurfapparel.com, www.luvsurfretail.com, www.luvsdsurf.com, and www.lovesdsurf.com in an effort to capitalize on Lovesurf's marks.

23. After Lovesurf began using its "Heart Logo" and "Heart Lovesurf Logo," Plaintiffs began using a similar mark consisting of a stylized heart and the word "surf" in script on its goods (the "Heart Surf Logo").

24. Plaintiffs registered the "Luv San Diego Surf" mark on August 27, 2013. Plaintiffs applied for use of that mark on additional categories of items on October 21, 2014. That application has not been approved.

25. Plaintiffs registered the "Heart Surf Logo" on August 5, 2014. Plaintiffs applied for use of that mark on additional categories of items on October 21, 2014.

1 That application has not been approved.

26. Plaintiffs applied for registration of the "Luv Surf" mark on October 21, 2014. That application has not been approved.

27. Lovesurf's goods have been and continue to be extensively advertised and sold throughout the world including California, under its "Lovesurf," "Luvsurf," "Heart Logo," and "Heart Lovesurf Logo" marks. By virtue of advertising and sales, together with consumer acceptance and recognition, Lovesurf's mark identifies Lovesurf's goods only, and distinguishes them from goods manufactured and sold by others. Lovesurf's mark has thus become and is a valuable asset symbolizing Lovesurf, its quality goods, and its goodwill.

28. Plaintiffs' marks "Luv San Diego Surf," "Luv Surf," and the "Heart Surf Logo" are confusingly similar to Lovesurf's marks and Plaintiffs' use of those marks is likely to cause confusion with consumers.

29. Lovesurf sent numerous communications to Plaintiffs in an effort to convince them to cease and desist the use of Lovesurf's marks or marks confusingly similar to Lovesurf's marks. Despite these efforts, Plaintiffs have continued to use the marks in a willful attempt to capitalize on Lovesurf's marks.

## FIRST CAUSE OF ACTION

## TRADEMARK INFRINGEMENT (15 U.S.C. §1125(a))

30. Lovesurf incorporates the allegations in paragraphs 1 – 29 of this Counterclaim as though fully alleged herein.

31. Lovesurf created and used its marks prior to any use or registration by Plaintiffs.

32. Lovesurf's marks are inherently distinctive and/or have acquired secondary meaning.

33. Plaintiffs used marks identical or similar to Lovesurf's marks without Lovesurf's consent and in a manner that is likely to cause confusion among ordinary consumers as to the source, sponsorship, affiliation, or approval of the goods.

34. Despite Lovesurf's demands that Plaintiffs cease and desist from further use of the marks, Plaintiffs have failed and refused, and continue to fail and refuse, to comply with Lovesurf's request. As a result, Plaintiffs' infringement is intentional and willful.

35. As a proximate result of advantage accruing to Plaintiffs' business from Lovesurf's nationwide advertising, sales, and consumer recognition, and as a proximate result of confusion, deception, mistake or a combination thereof caused by Plaintiffs' wrongful advertising and sale of its goods bearing Lovesurf's marks or marks confusingly similar to Lovesurf's marks, Plaintiffs have made substantial sales and/or profits.

36. As a proximate result of advantage accruing to Plaintiffs' business from Lovesurf's nationwide advertising, sales, and consumer recognition, and as a proximate result of confusion, deception, mistake or a combination thereof caused by Plaintiffs' wrongful advertising and sale of its goods bearing Lovesurf's marks or marks confusingly similar to Lovesurf's marks, Lovesurf has been deprived of substantial sales of its goods, and has been deprived of the value of its trademarks as a commercial asset.

37. Lovesurf is informed and believes and thereon alleges that unless restrained by this Court, Plaintiffs will continue to infringe Lovesurf's marks, thus engendering a multiplicity of judicial proceedings, causing irreparable harm, and pecuniary compensation will not afford Lovesurf adequate relief for the damage to its marks in the public perception.

38. As a result of Plaintiffs intentional and willful acts, Lovesurf has suffered and is entitled to damages in an amount to be proven at trial, including, but not limited to, actual damages, statutory damages, Plaintiffs' profits, reasonable royalties, a preliminary and permanent injunction, costs and attorneys' fees.

39. Because Lovesurf's creation and use of its marks was prior to any use or registration of marks by Plaintiffs, Lovesurf is entitled to the cancellation of Plaintiffs'

registered marks "Luv San Diego Surf" and "Heart Surf Logo," and the cancellation of Plaintiffs' applications for registration of the "Luv San Diego Surf," "Heart Surf Logo," and "Luv surf" mark pursuant to 15 U.S.C. §1119.

## SECOND CAUSE OF ACTION

## MISAPPROPRIATION OF TRADE SECRETS (Uniform Trade Secrets Act, California Civil Code §§ 3426 *et seq.*)

40. Lovesurf incorporates the allegations in paragraphs 1 – 39 of this Counterclaim as though fully alleged herein.

41. Lovesurf's business plan, designs and strategies ("Lovesurf's Trade Secrets") derive independent economic value, are not known to the public, and are subject to efforts by Lovesurf to keep them secret. To wit, Lovesurf's facility is secured and all visitors having business with Lovesurf must be "checked-in" and may not be on the sales floor or in the warehouse. Furthermore, all employees agree not to disclose Lovesurf's Trade Secrets.

42. While working as an employee Chris Kramer acquired Lovesurf's Trade Secrets under circumstances giving rise to a duty to maintain their secrecy.

43. Lovesurf has spent an extensive amount of time and resources developing its Trade Secrets information over several years. If said information were ever lost, it could not be replicated in a short amount of time (i.e., days or months).

44. Plaintiffs have acquired Lovesurf's Trade Secrets without Lovesurf's authorization and knew or should have known that said information were trade secrets of Lovesurf.

45. As set forth herein, Plaintiffs have misappropriated Lovesurf's Trade Secrets in violation of the Uniform Trade Secrets Act, California Civil Code §§ 3426 *et seq.*

46. As a direct and proximate result of Plaintiffs' misappropriation of Lovesurf's Trade Secrets, Lovesurf has been damaged in an amount to be determined at trial. On information and belief, in misappropriating Lovesurf's Trade Secrets,

1  Plaintiffs acted with malice, fraud, and/or oppression, entitling Lovesurf to punitive
2  damages in an amount to be proven at trial, and attorneys' fees.

3  47. Lovesurf is informed and believes and thereon alleges that unless restrained by this Court, Plaintiffs will continue to use Lovesurf's Trade Secrets, thus engendering a multiplicity of judicial proceedings, causing irreparable harm, and pecuniary compensation will not afford Lovesurf adequate relief for the damage to its business.

## PRAYER FOR RELIEF

WHEREFORE, Lovesurf prays:

1. For an order requiring Plaintiffs to show cause, if they have any, why they should not be enjoined as set forth below, during the pendency of this action;

2. For an order enjoining Plaintiffs, and each of them, and their agents, servants, and employees, and all persons acting under, in concert with, or for them from:

(a) Using the names "Luv Surf," or "Luv San Diego Surf" in connection with its retail clothing business in San Diego and online, and from using the names "Luv Surf," or "Luv San Diego Surf" on or in connection with any good or services sold or rendered by such business;

(b) Using the "Heart Surf Logo" or "Luv San Diego Surf" logo in connection with its retail clothing business in San Diego and online, and from using the "Heart Surf Logo" or "Luv San Diego Surf" logo on or in connection with any good or services sold or rendered by such business;

(c) Otherwise infringing Lovesurf's marks;

(d) Causing likelihood of confusion, deception, or mistake as to the source, nature, or quality of Lovesurf's goods or services;

3. For an order directing Plaintiffs, and each of them, to file with this Court and serve on Lovesurf within 30 days after service of an injunction, a report in writing under oath, setting forth in detail the manner and form in which Plaintiffs have

1. complied with the injunction;

4. For an order requiring Plaintiffs, and each of them, to deliver up and destroy all infringing materials, for example, garment labels, literature, advertising, and other material bearing the infringing designations;

5. For actual damages suffered by Lovesurf and all of Plaintiffs' profits derived from its infringement of Lovesurf's marks, or alternatively statutory damages;

6. For reasonable royalties;

7. For three times the amount of Lovesurf's actual damages caused by Plaintiffs' infringement of Lovesurf's marks;

8. For the cancellation of Plaintiffs' registered marks and applications to register marks.

9. For punitive damages;

10. For Lovesurf's reasonable attorney fees expended in this action;

11. For costs of suit incurred herein;

12. For such other and further relief as the Court may deem proper.

Dated: December 5, 2014  **GAUNTLETT & ASSOCIATES**

By: /s/ James A. Lowe
David A. Gauntlett
James A. Lowe

Attorneys for Defendants
BRIAN MACDONALD and
LOVESURF, INC.

## DEMAND FOR JURY TRIAL

Defendants Lovesurf, Inc. and Brian MacDonald (collectively "Lovesurf") demand a trial by jury of all claims and issues triable by a jury.

Dated: December 5, 2014            **GAUNTLETT & ASSOCIATES**

By: /s/ James A. Lowe
David A. Gauntlett
James A. Lowe

Attorneys for Defendants
BRIAN MACDONALD and
LOVESURF, INC.

# CERTIFICATE OF SERVICE

I hereby certify that on December 5, 2014, I electronically filed the foregoing **DEFENDANTS' ANSWER TO COMPLAINT AND COUNTERCLAIMS** with the Clerk of the Court using the CM/ECF system which will send notification of such filing via electronic mail to all counsel of record.

                                        */s/James. A. Lowe*
                                             James A. Lowe