**GAUNTLETT & ASSOCIATES**
David A. Gauntlett (SBN 96399)
James A. Lowe (SBN 214383)
18400 Von Karman, Suite 300
Irvine, California  92612
Telephone:  (949) 553-1010
Facsimile:   (949) 553-2050
info@gauntlettlaw.com
jal@gauntlettlaw.com

Attorneys for Defendants and Counterclaimants,
BRIAN MACDONALD and LOVESURF, INC.

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GINA CHAMPION-CAIN, an individual; LUV SURF, LP, a California limited partnership; ANI COMMERCIAL CA I, LLC, a California limited liability company; ANI COMMERCIAL CA II, LP, a California limited partnership,<br><br>              Plaintiffs,<br><br>       vs.<br><br>BRIAN MACDONALD, an individual; LOVESURF, INC., a Delaware corporation, and DOES 1-10, inclusive,<br><br>              Defendants.<br><br>————————————————<br><br>AND RELATED COUNTERCLAIMS | Case No.:  **3:14-CV-02540-GPC-BLM**<br><br>Hon. Gonzalo P. Curiel<br><br>**DEFENDANTS' EVIDENTIARY OBJECTIONS TO PLAINTIFF'S DECLARATIONS IN SUPPORT OF REPLY ON PRELIMINARY INJUNCTION MOTION AND REQUEST TO STRIKE REPLY**<br><br>Date: June 5, 2015<br>Time: 1:30 p.m.<br>Ctrm: 2D |

**DEFENDANTS' EVIDENTIARY OBJECTIONS**
**CASE NO. 3:14-cv-02540-GPC-BLM**

Defendants Brian Macdonald and Lovesurf, Inc. ("Lovesurf" or "Defendants") hereby object under Federal Rules of Evidence to the Declarations of Peter Garza **[Dkt. 32-2]** and Charles Reidelbach **[Dkt. 32-3]** submitted by Plaintiffs in support of their Reply on the Motion for Preliminary Injunction. The Garza declaration is based almost entirely on Lovesurf's "Confidential-For Counsel Only" information, is mostly improper speculation not based on admissible evidence, is irrelevant to the issues, and is not based on reliable principles and methods. The Reidelbach declaration introduces irrelevant evidence that has never been previously disclosed, was not used in its original motion, and is not properly authenticated.

Lovesurf requests that the Court (1) exclude those statements in the Garza and Reidelbach declarations that are inadmissible under the Federal Rules of Evidence; and (2) Strike those portions of the Reply that rely upon the inadmissible statements and evidence.

## I.    DECLARATION OF PETER GARZA

### 1.    <u>Garza Declaration in its Entirety</u>.

<u>Objections</u>:

Mr. Garza's entire declaration is based on his review of and contains Lovesurf's "Confidential-For Counsel Only" information that was provided to Plaintiffs' counsel under strict protocols which Plaintiffs have violated. As provided for in the Agreement for Inspection of Documents (the "Agreement") and the Court's Protective Order, all of Lovesurf's data was considered "Confidential-For Counsel Only" documents and was protected from disclosure from anyone except Plaintiffs' attorneys and its forensic inspector.

Paragraph 5 of the Protective Order **[Dkt. 25-1:3]** provides that when documents are inspected "**all materials produced will be considered as "CONFIDENTIAL - FOR COUNSEL ONLY," and must be treated as such pursuant to the terms of this Order**." (Emphasis added.) Consequently, the data provided by Lovesurf for inspection by Plaintiffs vendor, DTI, was deemed

"CONFIDENTIAL – FOR COUNSEL ONLY" by operation of paragraph 5.

Pursuant to the Agreement, Lovesurf's "Confidential-For Counsel Only" information was to be **"obtained and reviewed by DTI and attorneys for Plaintiffs only"**, and it was to be **"held by DTI from disclosure to Plaintiffs and any third parties."** As part of the Agreement, after Plaintiffs imaged Lovesurf's drives **"DTI will prepare a report which it will share with [Lovesurf's counsel] first and then will share with [Plaintiffs' counsel's] office."** The Agreement, consented to by Plaintiffs' counsel, provided only for review, and did not allow for its use in a Reply brief or expert declaration.

Paragraph 12 of the Protective Order provides that "[b]efore any materials… which are designated as Confidential Information are filed with the Court for any purpose, **the party seeking to file such material must seek permission of the Court to file the material under seal.**" **[Dkt. 25-1:6]**

Plaintiffs never provided the promised report and used Lovesurfs' "Confidential-For Counsel Only" information and data in its publically filed Reply and Expert declaration without seeking an order to file under seal. Therefore, Mr. Garza's entire declaration and Plaintiffs' Reply included, disclosed, and was derived from Lovesurf's "Confidential-For Counsel Only" information and is in violation of the Agreement and the Protective Order entered in this case.

Allowing the use of Lovesurf's "Confidential-For Counsel Only" information in a context in excess of the Agreement and Protective Order would be extremely prejudicial to Lovesurf. Any such use was to follow the Agreement and the Protective Order with any Confidential Information filed under seal. [Fed. R. Evid. 403]

The expert opinion is not based on reliable principles and methods and is not based on sufficient facts, and, therefore, will not help the trier of fact to understand the evidence or to determine a fact in issue. [Fed. R. Evid. 702]

Plaintiff attacks validity of Lovesurf's evidence by introducing 188 pages of testimony and exhibits that has never been previously provided to Lovesurf and that

Lovesurf did not have the opportunity to address in its opposition. "Courts generally decline to consider new facts or different legal arguments raised for the first time in the reply brief." *Brighton Collectibles, Inc. v. RK Tex. Leather Mfg*, 2014 U.S. Dist. LEXIS 72098, 25-26 (S.D. Cal. May 27, 2014), citing *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007). See also *Green v. Baca*, 306 F. Supp. 2d 903, 914 n.45 (C.D. Cal. 2004) (agreeing with *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996) that the district court should not consider the new evidence presented in a Reply without giving the non-movant an opportunity to respond). Since Plaintiff raises these issues for the first time in its Reply, which prevents Lovesurf from providing a response, the Court should decline to consider it.

Mr. Garza's opinions are based on and include documents that have not been properly authenticated. [Fed. R. Evid. 901]

Mr. Garza's opinions are irrelevant because they are based on speculation and do not prove the invalidity of Lovesurf's evidence. [Fed. R. Evid. 401];

**2.**   **Garza Declaration ¶5:** "During my review of declaration prepared by Mr. MacDonald dated February 20, 2015, along with my analysis of the items described in paragraph 4 above, I have drawn the following conclusions:

- A document purported by Mr. MacDonald to be a flyer dated in July 2010 was actually prepared on February 20, 2015, and not in 2010 as asserted.

- The files purported to have been copied to Mr. MacDonald's Western Digital brand external hard disk drive were actually copied to the drive on or about February 20, 2015.

- A document purported to be a 2011 acknowledgement of a purchase of a Lovesurf t-shirt had file dates of March 20, 2015 and not 2011.

- The filenames and nonexistent metadata indicate the photographs of the Lovesurf t-shirts, referenced in Mr. MacDonald's declaration, have been edited or otherwise manipulated from their original content and stored

under a new name.

- The file dates of the photographs of Lovesurf t-shirts found on the Western Digital External Hard Disk Drive which matched exhibits to Mr. MacDonald's declaration had File Created of February 14, 2012. This is inaccurate as the system used to copy the files onto Mr. MacDonald's Western Digital External Hard Drive had its system time set back to reflect this incorrect 2012 date when the files were actually transferred on February 20, 2015.

- There are anomalies in screen captures Mr. MacDonald describes as "Internet listings" from BundlePower.com which indicates they are mock ups and not accurate representations of the live Bundlepower.com web pages;

- The Lovesurf.com domain was not used to sell surf themed apparel before December 2012;"

Objections: The expert opinion is not based on reliable principles and methods and is not based on sufficient facts, and, therefore, will not help the trier of fact to understand the evidence or to determine a fact in issue. [Fed. R. Evid. 702]

Relevance. Mr. Garza's opinions are irrelevant because they are based on speculation and do not prove the invalidity of Lovesurf's evidence. It is not established that Mr. Garza is reviewing documents used as evidence by Lovesurf. [Fed. R. Evid. 401];

Mr. Garza's opinions include and are improperly based on Lovesurf's "Confidential-For Counsel Only" information which is extremely prejudicial to Lovesurf. [Fed. R. Evid. 403]

This is new evidence. These facts were never argued in original motion or opposition;

Mr. Garza's opinions are based on Hearsay. [Fed. R. Evid. 802];

Mr. Garza's opinions are based on and include documents that have not been

properly authenticated. [Fed. R. Evid. 901]

**3.      Garza Declaration ¶7:** "I performed analysis of the data on Mr. MacDonald's devices provided for analysis and located files that appeared to be copies of Exhibits 1 through 9, Exhibits 12 through 14 and Exhibit 20. In my review of Mr. MacDonald's declaration, I saw that Exhibits 1 – 4 appear to be digital photographs of t-shirts with Lovesurf tags; Exhibits 5 – 9 are purported to be archived copies of the bundlepower.com web site; Exhibits 12 and 13 appear to be digital photographs of t-shirts with Lovesurf tags and Exhibit 14 is document purported to be an order acknowledgement for a 2011 Bundlepower.com online; and Exhibit 20 is purported to be a 2010 flyer titled 'Poche Beach Cleanup'."

Objections: Relevance. Mr. Garza's opinions as to the appearance of files is irrelevant because Mr. Garza has not established that the files he is viewing were actually the files used as evidence by Lovesurf in its Opposition. [Fed. R. Evid. 401];

Mr. Garza's opinions include and are improperly based on Lovesurf's "Confidential-For Counsel Only" information which is extremely prejudicial to Lovesurf. [Fed. R. Evid. 403]

This is new evidence. These facts were never argued in original motion or opposition;

Improper authentication. Mr. Garza does not establish that the files he is viewing were actually the files used as evidence by Lovesurf in its Opposition. [Fed. R. Evid. 901]

The expert opinion is not based on reliable principles and methods and is not based on sufficient facts, and, therefore, will not help the trier of fact to understand the evidence or to determine a fact in issue. [Fed. R. Evid. 702]

**4.      Garza Declaration ¶11-12:**

"11. Although the t-shirt photographs included as exhibits to Mr. MacDonald's February 20th declaration were not located on Mr. MacDonald's Dell Desktop PC, there were digital photograph files I observed which show the types of file names and

type of cameras used for digital photographs I observed on Mr. MacDonald's Dell Desktop PC. As I explain in my review of the Western Digital External Hard Drive below, the digital photographs provided as Exhibits 1 – 4 and Exhibits 12 and 13 no longer have the EXIF metadata tags normally embedded in digital photograph files and have descriptive file names which are not in the format of the original digital photograph file, indicating the original content has been edited or otherwise manipulated from their original content.

12. The Exchangeable Image File format (EXIF) includes standard metadata tags embedded in digital images and sound files. The EXIF data embedded in digital photograph files, for instance will record the device (i.e. camera) used and date the image was captured among other fields of metadata commonly recorded. I reviewed metadata in many files found on Mr. MacDonald's Dell Desktop PC and saw there were at least three types of devices recorded different digital photographs saved on this system. I identified the use of an Apple iPhone, a Nikon model D200 and Canon EOS Rebel T3i to take digital photographs found on Mr. MacDonald's Dell Desktop PC. The file names for photographs taken with the Nikon digital camera were named with the underscore character followed by "DSC" and a four digit sequence number. I saw file names from _DSC0106 to _DSC0161. The Canon camera stored file names that started with "IMG" and had the underscore character follow by a four digit sequence number. I saw file names that ranged from IMG_3641 to IMG_4330. My review also identified digital photographs which were captured with an Apple iPhone 4s and an iPhone 5. The iPhone digital photographs on Mr. MacDonald's Dell Desktop PC had file names that began with "IMG", then the underscore character and a four digit sequence number. File names that did not conform to the format recorded by a digital camera indicate the digital photograph file was renamed, edited or otherwise manipulated and stored under a new name."

Objections: Relevance. The allegation that names of files may be changed from the original name assigned by the camera used is immaterial. Design photographs are

routinely edited. Changing the name of a file does not alter the date that it was created or last modified. [Fed. R. Evid. 401];

Mr. Garza's opinions include and are improperly based on Lovesurf's "Confidential-For Counsel Only" information which is extremely prejudicial to Lovesurf. [Fed. R. Evid. 403]

This is new evidence. These facts were never argued in original motion or opposition;

Improper authentication. Mr. Garza does not establish that the files he is viewing were actually the files used as evidence by Lovesurf in its Opposition. [Fed. R. Evid. 901]

The expert opinion is not based on reliable principles and methods and is not based on sufficient facts, and, therefore, will not help the trier of fact to understand the evidence or to determine a fact in issue. [Fed. R. Evid. 702] It is pure speculation that a photograph file was "edited or manipulated" because the file name was changed.

**5.** **Garza Declaration ¶14 and Exhibit E:** "Among the design files on Mr. MacDonald's Dell Desktop PC were Adobe Photoshop files of t-shirt designs. Appended to this report as Exhibit E is a list of six t-shirt designs with a small graphic representation of the Adobe Photoshop files which appear to be the same t-shirt graphic with different logos superimposed. Each of the six Photoshop files is also displayed in Exhibit E within its native Photoshop program. Each of these Photoshop files is made up of design elements that can be substituted or repositioned. Graphic 1 below is from one of the six Photoshop files and depicts the graphic elements in a file called "Horizon Triangleblue.psd" with following file path…[images]."

Objections: Relevance. It is irrelevant because whether design elements are able to be repositioned on these confidential documents does not change the fact that the last written dates on Lovesurf's evidence were prior in time to Plaintiff's first use. [Fed. R. Evid. 401];

Exhibit E is Lovesurf's "Confidential-For Counsel Only" information and Mr.

Garza's statement is improperly based on that "Confidential-For Counsel Only" information which is extremely prejudicial to Lovesurf. [Fed. R. Evid. 403]

This is new evidence. These facts were never argued in original motion or opposition;

Improper authentication. [Fed. R. Evid. 901]

The expert opinion is not based on reliable principles and methods and is not based on sufficient facts, and, therefore, will not help the trier of fact to understand the evidence or to determine a fact in issue. [Fed. R. Evid. 702]

### 6.   <u>Garza Declaration ¶15-16</u>:

"15. The six Photoshop graphic design files are made up of layers which can easily be repositioned or exchanged with other graphics with the Photoshop image editing software installed on Mr. MacDonald's desktop computer. Graphic 2 is a screen capture showing the "Horizon_Triangleblue.psd" file in Photoshop. I selected the layers in the graphic file and could move, delete or insert other graphics to readily change the appearance of the graphic on the t-shirt.

16. In my review of the data on Mr. MacDonald's computer, and his Western Digital External Hard Drive below, I observed many graphic files with photographic elements, text and layout items that appeared to have been edited. It was obvious that the Adobe graphic design programs were used extensively to compose, edit and manipulate the web design, marketing and photographic files found on Mr. MacDonald's devices."

<u>Objections</u>: Relevance. That other design files not at issue here "appeared" to have been "edited" or are able to be edited using design software has no bearing on the validity of Lovesurf's evidence. [Fed. R. Evid. 401];

Mr. Garza's opinions include and are improperly based on Lovesurf's "Confidential-For Counsel Only" information which is extremely prejudicial to Lovesurf. [Fed. R. Evid. 403]

This is new evidence. These facts were never argued in original motion or

opposition;

Improper authentication. Mr. Garza does not establish that the files he is viewing were actually the files used as evidence by Lovesurf in its Opposition. [Fed. R. Evid. 901]

The expert opinion is not based on reliable principles and methods and is not based on sufficient facts, and, therefore, will not help the trier of fact to understand the evidence or to determine a fact in issue. [Fed. R. Evid. 702] It is pure speculation that Lovesurf's evidence is invalid because design files are "edited."

**7.** __Garza Declaration ¶17:__ "My analysis shows that system and/or file dates were manipulated, so the format date for this external drive is unreliable."

Objections: Mr. Garza's opinions include and are improperly based on Lovesurf's "Confidential-For Counsel Only" information which is extremely prejudicial to Lovesurf. [Fed. R. Evid. 403]

This is new evidence. These facts were never argued in original motion or opposition;

Improper authentication. Mr. Garza does not establish that the files he is viewing were actually the files used as evidence by Lovesurf in its Opposition. [Fed. R. Evid. 901]

The expert opinion is not based on reliable principles and methods and is not based on sufficient facts, and, therefore, will not help the trier of fact to understand the evidence or to determine a fact in issue. [Fed. R. Evid. 702] This opinion is unsupported by any evidence. It is pure speculation that any dates were manipulated.

**8.** __Garza Declaration ¶19:__ "It is noteworthy that the folders and file names used by Mr. MacDonald were descriptive and relatively well organized. Although there was hundreds of files for the Bundlepower.com business, I did not see work related to the content in the files attached as exhibits to Mr. MacDonald's February 20, 2015 declaration. I have performed forensic analysis of thousands of systems and often see work product related to relevant files. There are often earlier or

later versions of a file there are graphic elements that are used to compose a file. Particularly in a graphic design and web development setting, it is normal, as I see later in the data from 2013 and later, for designers to keep on-going work or prior work to reference later. The files attached as Exhibits to Mr. MacDonald's Declaration seemed to be inserted out context with no ongoing similar work product as is seen in later activity on the drive."

Objections: Relevance. Garza's analysis of other designers' systems is irrelevant to the validity of Lovesurf's evidence. This opinion is speculation. [Fed. R. Evid. 401];

Mr. Garza's opinions include and are improperly based on Lovesurf's "Confidential-For Counsel Only" information which is extremely prejudicial to Lovesurf. [Fed. R. Evid. 403]

This is new evidence. These facts were never argued in original motion or opposition;

Improper authentication. Mr. Garza does not establish that the files he is viewing were actually the files used as evidence by Lovesurf in its Opposition. [Fed. R. Evid. 901]

The expert opinion is not based on reliable principles and methods and is not based on sufficient facts, and, therefore, will not help the trier of fact to understand the evidence or to determine a fact in issue. [Fed. R. Evid. 702] This opinion is unsupported by any evidence. It is pure speculation that there should be other versions of the files.

### 9.    Garza Declaration ¶20-28 and Exhibit D:

"20. During my review of the data on Mr. MacDonald's Western Digital Hard Drive I located two copies of an Adobe PDF file which appeared to be copies of Exhibit 20 to Mr. MacDonald's February 20th declaration he purports to be a flyer made during 2010 for the July 5, 2010 event described in the flyer. I located two copies of the Poche Beach Cleanup Flyer on Mr. MacDonald's Western Digital Hard

Drive. Table 1 below lists the file names and selected file attributes of the two copies of the poche-flyer.pdf file. [table excluded]"

21. I examined the file system and embedded metadata in the two "pocheflyer.pdf" files. Although the files had a Last Written date of June 15, 2010 and a File Created data of February 14, 2012, my analysis revealed the copy of the pocheflyer.pdf file stored in the folder named "\BPI Archive\Marketing and Advertising" had been prepared on February 20, 2015. The Last Written date normally indicates when a file was last edited. This date will normally carry forward and not change when a file is copied from one volume (i.e. disk) to another. The File Created data is normally updated when a file is copied from one volume to another. The File Created date for the two files named poche-flyer.pdf of February 14, 2012 in the table above would normally indicate that the file was copied to Mr. MacDonald's Western Digital External Hard Drive on that date. In this instance, my analysis revealed that the system used to copy the files onto Mr. MacDonald's Western Digital External Hard Drive files had its system time set back to reflect a 2012 date.

22. On a Windows computer it is a simple matter to reset the system date and time to an arbitrary date. During the computer's boot process the user types a key, often a function key or the delete key, to enter a setup screen where the time can be changed. The time and date can also be change by accessing the Windows Control Panel.

23. During my review of the metadata stored in the poche-flyer.pdf in the "\BPI Archive\Marketing and Advertising" folder I observed that a field named "SourceModified" created by saving a copy of a file composed in Microsoft Word as an Adobe PDF file. In more recent versions of Microsoft Word a user can select to save "Save As" from the File and then choose "PDF" in the "Save As Type" dialog box. This will use an Adobe Acrobat plugin which is software added to Microsoft Word to create an Adobe PDF file within the Word application. The metadata as seen in the Document Properties Description tab for this copy of the poche-flyer.pdf file,

depicted in Graphic 3, shows the application used to render this file was "Acrobat PDFMaker 11 for Word". It also shows a Created date of 2/20/2015. Under the Custom tab one can see the value stored for the SourceModified field stored by the Acrobat plugin and can be seen depicted in Graphic 4. This value is embedded in the file metadata when the PDF copy of a document is created from Microsoft Word with the Save As selection from the file menu, as described above.

24. It should also be noted that Graphic 3 shows this copy of the pocheflyer.pdf file was rendered with Acrobat PDFMaker version 11. This version of the Adobe Acrobat software was not released until October 2012, as is noted in Exhibit D referenced in paragraph 3 above. The poche-flyer.pdf file could not have been created in 2010.

25. Since one can see that the poche-flyer.pdf file was created on February 20, 2015 and it was copied at the same time as the other 17,000 plus files during an approximately 20 minute period, the other files were not copied onto the hard disk in 2012, as the File Created dates would imply. Supporting the fact that the user files on Mr. MacDonald's Western Digital Hard Drive were copied together in 2015 is the fact that the Microsoft Windows 7 File System, known as NTFS, keeps track of every file on a Windows 7 file system in a file called the Master File Table. The Master File Table keeps a file records for each file with information about the file, including size, time and date attributes, data content and a file record number. The MFT file number for a file is also referred to as a file identifier. The MFT records file identifier numbers sequentially.

26. During my review I saw that the lowest file identifier for the more than 17,000 user data file copied to Mr. MacDonald's Western Digital External Hard Drive was 40. The highest number in the sequence was 17,177 due to a number of non-user created files present. During my forensic analysis I saw that the pocheflyer.pdf file found in the "\BPI Archive\Marketing and Advertising\" folder had the file identifier number of 831. My analysis revealed files in the same folder as the poche-flyer.pdf

with File Identifier sequence numbers in line with the pocheflyer.pdf which further shows they were copied about the same time in 2015, although they have file create dates of February 14, 2012. This manipulation of the file dates would mislead one to conclude they were copied onto Mr. MacDonald's Western Digital External Hard Disk Drive on this 2012 date.

27. The sequence numbers along with the fact that the files were all copied in less than twenty minutes together confirms the data on Mr. MacDonald's Western Digital External Hard Disk Drive was prepared in 2015, not in 2012, as implied by the File Created dates listed. The system containing the files copied onto Mr. MacDonald's Western Digital External Hard Drive had system time reset to reflect a 2012 date for the copying of the files. In addition, additional metadata in the poche-flyer.pdf file from the "\BPI Archive\Marketing and Advertising\" folder shows the system used to prepare this poche-flyer.pdf file indicates another system, not identified or produced by Mr. MacDonald for inspection, was used to prepare this flyer and it was prepared February 20, 2015 and not in 2010 as indicated.

28. The Adobe Acrobat plugin software which rendered the poche-flyer.pdf file, as described above, also embeds the folder of graphic files inserted into a document. The Adobe Acrobat populates metadata of a PDF file with the path to the original file by recording the path in the ALT (alternate) Text field for a graphic file. When a user has the Adobe PDF file open placing the mouse pointer over the graphic image displays the ALT Text, which by default will be the path of the file for the graphic image that was inserted into the document. Graphic 5 shows the ALT Text for one of the graphic images in the poche-flyer.pdf file. Both the baseball cap graphic and the ocean graphic in the poche-flyer.pdf file list a folder of "C:\Users\brianmacd\Desktop". It appears as though Mr. MacDonald composed the exhibits to his February 20, 2015 declaration, including the Poche Beach Cleanup flyer, with Lovesurf data residing on system not produced for inspection. Each of Mr. MacDonald's exhibits referred to in paragraph 7 do not appear to be original

documents prepared in the normal course of business. Each of the exhibits appears to be edited, perhaps on this system with the "Users\brianmacd" profile and home directory."

Objections: Relevance. It is irrelevant because Garza analyzes only the "\BPI Archive\Marketing and Advertising\poche-flyer.pdf." file. However, that is not the original file and was not used as an Exhibit. The original flyer file is the "\HYDRA\Marketing and Advertising\poche-flyer.pdf" file which Garza ignores. [Fed. R. Evid. 401];

Mr. Garza's opinions include and are improperly based on Lovesurf's "Confidential-For Counsel Only" information which is extremely prejudicial to Lovesurf. [Fed. R. Evid. 403]

This is new evidence. These facts were never argued in original motion or opposition;

Improper authentication. This evidence is not properly authenticated. Mr. Garza does not establish that the file he is analyzing was actually the file used as evidence by Lovesurf in its Opposition. Mr. Garza addresses only one file, but ignores the other. Also, Exhibit D is apparently a webpage showing release dates for adobe products. Garza does not explain where it came from. Furthermore, Acrobat PDFMaker 11 is not referenced on this Exhibit. It is not clear from this Exhibit whether Acrobat PDFMaker 11 is part of another product that was released by Adobe. [Fed. R. Evid. 901]

The expert opinion is not based on reliable principles and methods and is not based on sufficient facts, and, therefore, will not help the trier of fact to understand the evidence or to determine a fact in issue. [Fed. R. Evid. 702]

**10.   Garza Declaration ¶29:** "Review of the file system on Mr. MacDonald's Western Digital Hard Drive located files which appear to be digital photographs depicted in Mr. MacDonald's February 20th declaration as the exhibit numbers listed in Table 2 below. [Table 2]"

Objections: Relevance. Mr. Garza does not establish that these files represent the same files that were attached as Exhibits to Lovesurf's opposition. [Fed. R. Evid. 401];

Mr. Garza's opinions include and are improperly based on Lovesurf's "Confidential-For Counsel Only" information which is extremely prejudicial to Lovesurf. [Fed. R. Evid. 403];

This is new evidence. These facts were never argued in original motion or opposition;

Improper authentication. Mr. Garza does not establish that these files represent the same files that were attached as Exhibits to Lovesurf's opposition. [Fed. R. Evid. 901];

The expert opinion is not based on reliable principles and methods and is not based on sufficient facts, and, therefore, will not help the trier of fact to understand the evidence or to determine a fact in issue. [Fed. R. Evid. 702]

**11.    Garza Declaration ¶30-31:**

"30. I examined the digital photograph files listed in Table 2 which match the corresponding exhibits in Mr. MacDonald's February 20, 2015 declaration. These t-shirt photographs found on Mr. MacDonald's Western Digital External Hard Drive were edited or otherwise manipulated from their original format. As explained above, digital photographs are normally stored in a format with a file name that starts with a number of alphabetic characters, e.g. IMG, and then will have a serial number for the photograph. In addition, metadata tags are embedded in the file by the device capturing the photograph.

31. In addition to having user assigned file names, the t-shirt photographs corresponding with Mr. MacDonald's declaration exhibits, had no EXIF metadata tags. The absence of the usual EXIF metadata is a further indication that these digital photograph files on Mr. MacDonald's Western Digital External Hard Drive shows the files had been edited. The use of the Photoshop graphic editing program I describe

above is consistent with editing these t-shirt images and saving them with the filenames in Table 2. The File Created times, along with the MFT File Identifier sequence numbers show these t-shirt graphic files were copied during the approximate 20 minute copy onto Mr. MacDonald's Western Digital External Hard Disk Drive in 2015, so file dates for the file are not accurate."

Objections: Relevance. Mr. Garza does not establish that these files represent the same files that were attached as Exhibits to Lovesurf's opposition. Mr. Garza does not establish that editing of design files means that they are inauthentic. Plaintiff never claimed these were original photographs. He fails to address the fact that the last modified dates on the files indicate dates in 2011. [Fed. R. Evid. 401];

Mr. Garza's opinions include and are improperly based on Lovesurf's "Confidential-For Counsel Only" information which is extremely prejudicial to Lovesurf. [Fed. R. Evid. 403];

This is new evidence. These facts were never argued in original motion or opposition;

Improper authentication. Mr. Garza does not establish that these files represent the same files that were attached as Exhibits to Lovesurf's opposition. [Fed. R. Evid. 901];

The expert opinion is not based on reliable principles and methods and is not based on sufficient facts, and, therefore, will not help the trier of fact to understand the evidence or to determine a fact in issue. [Fed. R. Evid. 702]

**12.    Garza Declaration ¶32 and Exhibit F:** "Further forensic analysis of the t-shirt graphics or inspection of Mr. MacDonald's computer with the "brianmacd" profile and folders may confirm the extent to which the t-shirt graphic file on Mr. MacDonald's Western Digital External Hard Disk Drive were edited. Exhibit F is a file list with selected attributes for files which matched the exhibits described in paragraph 7 above on Mr. MacDonald's Western Digital External Hard Drive and USB Flash Drive."

Objections: Relevance. Mr. Garza does not establish that these files represent the same files that were attached as Exhibits to Lovesurf's opposition. It is speculation as to what further forensic analysis would reveal. [Fed. R. Evid. 401];

Mr. Garza's opinions include and are improperly based on Lovesurf's "Confidential-For Counsel Only" information which is extremely prejudicial to Lovesurf. Exhibit F is Lovesurf's "Confidential-For Counsel Only" information and Mr. Garza's statement is improperly based on that "Confidential-For Counsel Only" information which is extremely prejudicial to Lovesurf. [Fed. R. Evid. 403]

This is new evidence. These facts were never argued in original motion or opposition;

Improper authentication. Mr. Garza does not establish that these files represent the same files that were attached as Exhibits to Lovesurf's opposition. [Fed. R. Evid. 901]

The expert opinion is not based on reliable principles and methods and is not based on sufficient facts, and, therefore, will not help the trier of fact to understand the evidence or to determine a fact in issue. [Fed. R. Evid. 702]

**13.** **Garza Declaration ¶33:** "My review of Mr. MacDonald's Western Digital External Hard Drive located graphic images which appeared to match the Bundlepower.com images purported to be archived copies of the Bundlepower.com electronic commerce website for Lovesurf t-shirts. Table 3 below shows the graphic files on Mr. MacDonald's Western Digital External Hard Drive corresponding to the exhibits in Mr. MacDonald's February 20, 2015 declaration. [Table 3]"

Objections: Relevance. Mr. Garza does not establish that these files represent the same files that were attached as Exhibits to Lovesurf's opposition. [Fed. R. Evid. 401];

Mr. Garza's opinions include and are improperly based on Lovesurf's "Confidential-For Counsel Only" information which is extremely prejudicial to Lovesurf. [Fed. R. Evid. 403];

This is new evidence. These facts were never argued in original motion or opposition;

Improper authentication. Mr. Garza does not establish that these files represent the same files that were attached as Exhibits to Lovesurf's opposition. [Fed. R. Evid. 901];

The expert opinion is not based on reliable principles and methods and is not based on sufficient facts, and, therefore, will not help the trier of fact to understand the evidence or to determine a fact in issue. [Fed. R. Evid. 702]

**14.** <u>**Garza Declaration ¶34:**</u> "Mr. MacDonald describes the source of Exhibits 5 – 9 in his February 20, 2015 declaration as having been "taken from August 15, 2011 Internet listings which is reflected in the metadata at the top of each exhibit confirming the dates of the Internet advertisement listings." Mr. MacDonald fails to explain what "Internet advertising listings" he is referring to. In addition, he is aware that files have embedded metadata dates. Without other data to corroborate file dates, the metadata in a file alone is not confirmation. As I show in my analysis of the pocheflyer.pdf document above, dates can easily be manipulated on a Windows computer"

<u>Objections</u>: Relevance. Mr. Garza does not establish that these files represent the same files that were attached as Exhibits to Lovesurf's opposition. [Fed. R. Evid. 401];

Mr. Garza's opinions include and are improperly based on Lovesurf's "Confidential-For Counsel Only" information which is extremely prejudicial to Lovesurf. [Fed. R. Evid. 403];

This is new evidence. These facts were never argued in original motion or opposition;

Improper authentication. Mr. Garza does not establish that these files represent the same files that were attached as Exhibits to Lovesurf's opposition. [Fed. R. Evid. 901];

The expert opinion is not based on reliable principles and methods and is not based on sufficient facts, and, therefore, will not help the trier of fact to understand the evidence or to determine a fact in issue. [Fed. R. Evid. 702]

**15.    Garza Declaration ¶35:** "Mr. MacDonald's seems to be implying he downloaded the Bundlepower.com web page images from an independent archive on the Internet, however, it is not clear. I search for archived Bundlepower.com pages on Mr. MacDonald's Western Digital External Hard Drive and did not see any archived Bundlepower.com web pages. I did see graphic design files which contained mockup copies or graphic content in Adobe Photoshop files which apparently were in the process of being edited."

Objections: Relevance. This opinion is based on speculation. Mr. Garza does not establish that these files represent the same files that were attached as Exhibits to Lovesurf's opposition. [Fed. R. Evid. 401];

Mr. Garza's opinions include and are improperly based on Lovesurf's "Confidential-For Counsel Only" information which is extremely prejudicial to Lovesurf. [Fed. R. Evid. 403];

This is new evidence. These facts were never argued in original motion or opposition;

Improper authentication. Mr. Garza does not establish that these files represent the same files that were attached as Exhibits to Lovesurf's opposition. [Fed. R. Evid. 901];

The expert opinion is not based on reliable principles and methods and is not based on sufficient facts, and, therefore, will not help the trier of fact to understand the evidence or to determine a fact in issue. [Fed. R. Evid. 702]

**16.    Garza Declaration ¶36:** "Graphics purported to be archived bundlepower.com web pages are more consistent with web page design mockups present on Mr. MacDonald's Western Digital External Hard Drive. In the folder with the following path "\BPIArchive\Web Development\2a Version 2.0 Design\PSD

PAGES-Side Studios\" I located a file called "bundlePower-ProductDetails-Bundled.psd". This file is an Adobe Photoshop graphic design file. I opened the file in Adobe Photoshop and observed that the page assembled in the bundlePower-ProductDetails-Bundled.psd file included a complex assortment of graphic elements and layers. Adobe Photoshop is an industry-leading graphic design program with powerful tools to manipulate graphic images, including those that make up a potential web page. Graphic 6 shows this design copy of a potential Bundlepower web page that was stored on Mr. MacDonald's Western Digital External Hard Drive and was not part of supposed "Internet advertisement listings. [Graphic 6]"

Objections: Relevance. This opinion is based on speculation. Mr. Garza does not establish that these files represent the same files that were attached as Exhibits to Lovesurf's opposition. [Fed. R. Evid. 401];

Mr. Garza's opinions include and are improperly based on Lovesurf's "Confidential-For Counsel Only" information which is extremely prejudicial to Lovesurf. Graphic 6 is Lovesurf's "Confidential Information." [Fed. R. Evid. 403];

This is new evidence. These facts were never argued in original motion or opposition;

Improper authentication. Mr. Garza does not establish that these files represent the same files that were attached as Exhibits to Lovesurf's opposition. [Fed. R. Evid. 901];

The expert opinion is not based on reliable principles and methods and is not based on sufficient facts, and, therefore, will not help the trier of fact to understand the evidence or to determine a fact in issue. [Fed. R. Evid. 702]

**17.   Garza Declaration ¶37:** "The graphic files matching Exhibits 5 – 9 in Mr. MacDonald's February 20, 2015 declaration are consistent with graphics that have been composed to appear to be the content of a web page, however, these graphic files do not show any content that indicates they were live content and not simply displayed onscreen with Adobe Photoshop. If the Mr. MacDonald's Exhibits 5

– 9 had been live web pages, one might expect to see at least a portion of the browser to indicate the web address the page could be found, however, one might use the screen capture utility and select only the content within the browser window."

Objections: Relevance. This opinion is based on speculation. Mr. Garza does not establish that these files represent the same files that were attached as Exhibits to Lovesurf's opposition. [Fed. R. Evid. 401];

Mr. Garza's opinions include and are improperly based on Lovesurf's "Confidential-For Counsel Only" information which is extremely prejudicial to Lovesurf. [Fed. R. Evid. 403];

This is new evidence. These facts were never argued in original motion or opposition;

Improper authentication. Mr. Garza does not establish that these files represent the same files that were attached as Exhibits to Lovesurf's opposition. [Fed. R. Evid. 901];

The expert opinion is not based on reliable principles and methods and is not based on sufficient facts, and, therefore, will not help the trier of fact to understand the evidence or to determine a fact in issue. [Fed. R. Evid. 702]

**18.    Garza Declaration ¶38:** "The content in the bundlepower.com graphic files which match the exhibits in Mr. MacDonald's declaration list a product category of "Apparel" and subcategory of "Women's T-Shirts". As I detail below I reviewed copies of the Bundlepower.com web site on an Internet site dedicated to archive, among other things, web pages on the Internet. This archive is known as the Internet Archive and is available at the web address of archive.org. I entered the bundlepower.com web domain and then browsed to an archived page for the bundlepower.com page for August 10, 2011. This was the closest data to the August 15, 2011 date Mr. MacDonald cites in his declaration. Graphic 7 is a screen capture of the Bundlepower.com web page archived on August 10, 2011 by the Internet Archive."

Objections: Relevance. This opinion is based on speculation. Mr. Garza does not establish that these files represent the same files that were attached as Exhibits to Lovesurf's opposition. Mr. Garza does not establish that he is observing the correct website on the Internet Archive. [Fed. R. Evid. 401];

Mr. Garza's opinions include and are improperly based on Lovesurf's "Confidential-For Counsel Only" information which is extremely prejudicial to Lovesurf. [Fed. R. Evid. 403];

This is new evidence. These facts were never argued in original motion or opposition;

Improper authentication. Mr. Garza does not establish that these files represent the same files that were attached as Exhibits to Lovesurf's opposition. [Fed. R. Evid. 901];

The expert opinion is not based on reliable principles and methods and is not based on sufficient facts, and, therefore, will not help the trier of fact to understand the evidence or to determine a fact in issue. [Fed. R. Evid. 702]

**19.     Garza Declaration ¶41 and Exhibit G:** "I reviewed the web pages captured on the Internet Archive for the BundlePower.com web site. There were 112 instances when the BundlePower.com main web page captured on the Internet Archive between September 13, 2010 and August 18, 2013. In addition to the main BundlePower.com web site some of the pages accessed by links within the main page were also occasionally captured. The captures from the BundlePower.com web site provide a sampling of the content on BundlePower.com and the products offered on the web site during the dates listed above. Exhibit G is a screen capture of the BundlePower.com web site as archived to the Internet Archive on September 13, 2010."

Objections: Relevance. This opinion is based on speculation. Mr. Garza does not establish that these files represent the same files that were attached as Exhibits to Lovesurf's opposition. Mr. Garza does not establish that he is observing the correct

website on the Internet Archive. [Fed. R. Evid. 401];

Mr. Garza's opinions include and are improperly based on Lovesurf's "Confidential-For Counsel Only" information which is extremely prejudicial to Lovesurf. [Fed. R. Evid. 403];

This is new evidence. These facts were never argued in original motion or opposition;

Improper authentication. Mr. Garza does not properly authenticate Exhibit G. [Fed. R. Evid. 901];

The expert opinion is not based on reliable principles and methods and is not based on sufficient facts, and, therefore, will not help the trier of fact to understand the evidence or to determine a fact in issue. [Fed. R. Evid. 702]

**20.** **Garza Declaration ¶42 and Exhibit H:** "Mr. MacDonald claims his BundlePower.com web site listed "Lovesurf clothing for sale", however, review of pages stored on the Internet Archive from September 2010 through August 2013 revealed the BundlePower.com online commerce site did not list either an "Apparel" or a "Women's T-Shirts" category. In addition, all of the products listed in the captured web pages appear to be other branded products for resale, not Lovesurf branded products. No Lovesurf branded products were observed listed in any of the Internet Archive pages captured for the BundlePower.com web site. I reviewed underlying code for the BundlePower.com web pages captured on the Internet Archive for the existence of "Apparel" or "Women's T-shirts" categories to determine if the categories may have existed but Graphic 8 were not rendered on the screen for some reason. The text code that is transferred when a browser visits a particular web site sends the instructions to the browser program needed to render the elements on the web page, such as menu items. I reviewed all the web page code for all the Bundlepower.com pages captured on the Internet Archive and saw that none of the pages listed "Apparel" or "Women's TShirts" categories. Exhibit H is the list of categories embedded in the BundlePower.com web page dated August 10, 2011,

which is the closest date to August 15, 2011 Mr. MacDonald claims in his February 20, 2015 declaration for the purported Bunblepower.com screen images."

Objections: Relevance. Mr. Garza does not establish that he is observing the correct website on the Internet Archive or if the correct website even was captured by the Internet Archive. [Fed. R. Evid. 401];

Mr. Garza's opinions include and are improperly based on Lovesurf's "Confidential-For Counsel Only" information which is extremely prejudicial to Lovesurf." [Fed. R. Evid. 403];

This is new evidence. These facts were never argued in original motion or opposition;

Improper authentication. Mr. Garza does not properly authenticate Exhibit H. [Fed. R. Evid. 901];

The expert opinion is not based on reliable principles and methods and is not based on sufficient facts, and, therefore, will not help the trier of fact to understand the evidence or to determine a fact in issue. [Fed. R. Evid. 702]

## 21.    Garza Declaration ¶45-46:

"45. The file bundlepower-order-295-08-23-11.pdf is purported to be an order acknowledgement of an online order on Bundlepower.com. I reviewed the data on the three devices provided by Mr. MacDonald and described above. I did not see any other documents that looked like this order acknowledgement nor was there any content located that would indicate an order acknowledgement was a regular practice with the Bundlepower.com electronic commerce site.

46. The bundlepower-order-295-08-23-11.pdf document appears to be another example of content prepared so that it would appear to be a record maintained in the normal course of business, however, the data on the devices produced by Mr. MacDonald does not support this. The bundlepower-order-295-08-23-11.pdf does not exist Mr. MacDonald's Dell Desktop PC nor on his Western Digital External Hard Disk Drive. If these PDF and ZIP files were copied onto the USB Flash drive on

March 20, 2015, where were the files stored previously? Perhaps a version of this file is stored on the computer with the "brianmacd" profile and folders."

Objections: Relevance. Whether Mr. Garza observed other similar documents is irrelevant. Mr. Garza's opinion is speculation. Lovesurf's Exhibit 14 order acknowledgement was scanned onto the thumb drive from a hard copy. The metadata associated with that file is irrelevant. [Fed. R. Evid. 401];

Mr. Garza's opinions include and are improperly based on Lovesurf's "Confidential-For Counsel Only" information which is extremely prejudicial to Lovesurf." [Fed. R. Evid. 403];

This is new evidence. These facts were never argued in original motion or opposition;

The expert opinion is not based on reliable principles and methods and is not based on sufficient facts, and, therefore, will not help the trier of fact to understand the evidence or to determine a fact in issue. [Fed. R. Evid. 702]

### 22.   Garza Declaration ¶47-48:

"47. Review of the BundlePower.com web pages captured on the Internet Archive also revealed additional anomalies in the graphic images submitted by Mr. MacDonald which he described as Internet listings for the Bundlepower.com website. Comparison of the BundlePower.com web pages stored on the Internet Archive with Exhibits 5 – 9 to Mr. MacDonald's declaration indicate the Exhibits do not depict copies of the live Bundlepower.com web pages. Analysis of the content of the screen images MacDonald claims are Internet listings for the Bundlepower.com web site shows that just below the BundlePower name at the top of the page are the words "Shop, Share & Save" displayed on the web pages captured by the Internet Archive. This text is missing from Mr. MacDonald's exhibits purported to be BundlePower.com web pages.

48. In addition to the missing "Shop, Share & Save" text in Mr. MacDonald's graphic images, there are also other common elements included in the

BundlePower.com web pages captured on the Internet Archive which are also missing. The BundlePower.com web pages captured on the Internet Archive show a "Related Products" and a "People who viewed this also viewed" sections. These listing of other products on the BundlePower.com web site are in all the BundlePower.com web pages I reviewed on the Internet Archive but are not in Mr. MacDonald's graphic images purported to depict the BundlePower.com web site."

Objections: Relevance. Mr. Garza does not establish that he is observing the correct website on the Internet Archive or if the correct website even was captured by the Internet Archive. [Fed. R. Evid. 401];

Mr. Garza's opinions include and are improperly based on Lovesurf's "Confidential-For Counsel Only" information which is extremely prejudicial to Lovesurf." [Fed. R. Evid. 403];

This is new evidence. These facts were never argued in original motion or opposition;

Improper authentication. Mr. Garza does not properly authenticate Exhibit H. [Fed. R. Evid. 901];

The expert opinion is not based on reliable principles and methods and is not based on sufficient facts, and, therefore, will not help the trier of fact to understand the evidence or to determine a fact in issue. [Fed. R. Evid. 702]

**23.    Garza Declaration ¶49-50 and Exhibit I:**

"49. The Internet Archive also captured copies of the Lovesurf.com web site. The earliest capture of the Lovesurf.com web site that mentions surf apparel was captured during December 2012.

50. The web site copies captured on the Internet Archive of the Lovesurf.com web site show that the content on the web site was related to online dating as late as June 2012. Exhibit I is a copy of the Lovesurf.com web site as captured on the Internet Archive on June 5, 2012. This Lovesurf.com web page shows the content on the Loveurft.com web site was related to an online dating site for an organization listed on

the page as "White Label Dating Solutions." Review of the Internet Archive shows they first captured Lovesurf surfwear content on December 8, 2012. Graphic 9 below is a screen capture of the content on Lovesurf.com on as viewed on the Internet Archive for December 8, 2012."

Objections: Relevance. Whether and when items were listed for sale on the lovesurf.com domain is immaterial. Lovesurf brand clothing was sold elsewhere prior to the lovesurf website. [Fed. R. Evid. 401];

This is new evidence. These facts were never argued in original motion or opposition;

Improper authentication. Exhibit I and Graphic 9 are improperly authenticated. [Fed. R. Evid. 901];

The expert opinion is not based on reliable principles and methods and is not based on sufficient facts, and, therefore, will not help the trier of fact to understand the evidence or to determine a fact in issue. [Fed. R. Evid. 702]

**24.    Garza Declaration ¶51:**

"I obtained Internet domain information for the Lovesurf.com domain from an online domain registration research site know as Domaintools.com. This website tracks domain registration information provided to domain registrars by owners and administrators of web domains. The "About Us" link on domaintools.com provides the following:

*DomainTools has over eight billion domain name Whois records going back over 14 years and another 9 billion related DNS data points to build a map of 'who's doing what' on the Internet. Government agencies, Fortune 500 companies and leading security firms use our data as a critical ingredient in their threat investigation and cybercrime forensics work."*

Objections: Relevance. Whether and when items were listed for sale on the lovesurf.com domain is immaterial. Lovesurf brand clothing was sold elsewhere prior

to the lovesurf website. [Fed. R. Evid. 401];

This is new evidence relating to dates Lovesurf obtained domain names. These facts were never argued in original motion or opposition;

Hearsay. [Fed. R. Evid. 802];

Improper authentication. [Fed. R. Evid. 901];

The expert opinion is not based on reliable principles and methods and is not based on sufficient facts, and, therefore, will not help the trier of fact to understand the evidence or to determine a fact in issue. [Fed. R. Evid. 702]

### 25.    Garza Declaration ¶52 and Exhibit B:

"Domain history information retrieved from Domaintools.com includes whois information that shows the Lovesurf.com domain was first registered to Luvsurf, with the address of 2377 S. El Camino Real #203, San Clemente, California on October 25, 2012. Whois information is a standard query on the Internet to obtain information about a domain from the registrar of the domain. Domaintools.com's database includes whois information from registrars of domains. As referenced in paragraph 3 above, a Domain History report from Domaintools.com for the Lovesurf.com domain is appended as Exhibit B. The Domain History report also shows that as of October 10, 2012 the registrant for the Lovesurf.com domain was a person named Alan Dodd with an address and phone number in Leinster, Ireland."

Objections: Relevance. Whether and when items were listed for sale on the lovesurf.com domain is immaterial. Lovesurf brand clothing was sold elsewhere prior to the lovesurf website. [Fed. R. Evid. 401];

This is new evidence relating to dates Lovesurf obtained domain names. These facts were never argued in original motion or opposition;

Hearsay. [Fed. R. Evid. 802];

Improper authentication of Exhibit B. [Fed. R. Evid. 901]

### 26. Garza Declaration ¶53 and Exhibit C: "A Domain History report for the Luvsurf.com domain was obtained. As referenced in paragraph 3 above, The Domain

History Report for the Luvsurf.com domain is appended as Exhibit C. The Domain History report for Luvsurf.com show this domain was first registered to Luvsurf with the address of 2377 S. El Camino Real #203, San Clemente, California on October 12, 2012."

Objections: Relevance. Whether and when items were listed for sale on the lovesurf.com domain is immaterial. Lovesurf brand clothing was sold elsewhere prior to the lovesurf website. [Fed. R. Evid. 401];

This is new evidence relating to dates Lovesurf obtained domain names. These facts were never argued in original motion or opposition;

Hearsay. [Fed. R. Evid. 802];

Improper authentication of Exhibit C. [Fed. R. Evid. 901]

**27. Garza Declaration ¶54:** "In may analysis of Mr. MacDonald's Dell Desktop PC I observed folders indicating the cloud storage service known as box.com was used to synchronize files. During my review of Mr. MacDonald's devices described above revealed no email account data was produced by Mr. MacDonald for inspection."

Objections: Relevance. Lovesurf's use of other devises is irrelevant to the validity of Lovesurf's evidence. The Parties' inspection Agreement did not provide for inspection of these additional items. [Fed. R. Evid. 401];

This is new evidence. These facts were never argued in original motion or opposition;

Mr. Garza's opinions include and are improperly based on Lovesurf's "Confidential-For Counsel Only" information which is extremely prejudicial to Lovesurf." [Fed. R. Evid. 403];

## II.    DECLARATION OF CHARLES REIDELBACH

**1.    Reidelbach Declaration Exhibit A:** Emails between Kramer, MacDonald, and graphic designer showing Heart Wave Logo with Luv Your Beach slogan.

Objections: Relevance. This evidence establishes Lovesurf's prior use of the "HEART WAVE" logo in 2011. Use in connection with Mr. MacDonald's alternate brand Luv Your Beach is irrelevant. [Fed. R. Evid. 401];

This is new evidence previously in the possession of Plaintiff and not previously disclosed to Plaintiff. Plaintiff did not use this evidence in its original motion to establish a timeline precluding Defendants from responding to it.

Improper Authentication. [Fed. R. Evid. 901]

**2.** **Reidelbach Declaration Exhibits B, C, D, F, H, I:** Internet Archive records of luvyourbeach.com, luvsurf.com, and lovesurf.com, and part of Lovesurf Facebook page.

Objections: Relevance. The dates Lovesurf acquired these domain names or pages is irrelevant to the issue of when Lovesurf first used its marks which was prior to these domains. [Fed. R. Evid. 401];

This is new evidence previously available to Plaintiff and not previously disclosed to Plaintiff. Plaintiff did not use this evidence in its original motion to establish a timeline precluding Defendants from responding to it.

Improper Authentication. [Fed. R. Evid. 901]

**3.** **Reidelbach Declaration Exhibits E, L, M, N:** Trademark application documents for Heart Wave logo and Lovesurf mark

Objections: Relevance. Lovesurf's trademark applications are irrelevant to the issue of when its marks were first used as established by Lovesurf's evidence. [Fed. R. Evid. 401];

This is new evidence previously available to Plaintiff and not previously disclosed to Plaintiff. Plaintiff did not use this evidence in its original motion to establish a timeline precluding Defendants from responding to it.

**4.** **Reidelbach Declaration Exhibit G:** Screen shot of Lovesurf Facebook page.

Objections: Relevance. Lovesurf's use of a Facebook page is irrelevant to the

issue of when its marks were first used as established by Lovesurf's evidence. [Fed. R. Evid. 401];

This is new evidence previously available to Plaintiff and not previously disclosed to Plaintiff. Plaintiff did not use this evidence in its original motion to establish a timeline precluding Defendants from responding to it.

Hearsay. [Fed. R. Evid. 802];

Improper Authentication. [Fed. R. Evid. 901]

**5.** **Reidelbach Declaration Exhibit J:** Notice of abandonment of luvsurf mark

Objections: Relevance. Lovesurf's trademark applications are irrelevant to the issue of when its marks were first used as established by Lovesurf's evidence. [Fed. R. Evid. 401];

This is new evidence previously available to Plaintiff and not previously disclosed to Plaintiff. Plaintiff did not use this evidence in its original motion to establish a timeline precluding Defendants from responding to it.

**6.** **Reidelbach Declaration Exhibit K:** Kramer email asking Plaintiffs' employee about shutting down Lovesurf Facebook page and Luv Surf Apparel-official Facebook page.

Objections: Relevance. Plaintiffs' employee email about shutting down Facebook page is irrelevant to the issue of when Lovesurf's marks were first used as established by Lovesurf's evidence. [Fed. R. Evid. 401];

This is new evidence was previously available to Plaintiff and not previously disclosed to Plaintiff. Plaintiff did not use this evidence in its original motion to establish a timeline precluding Defendants from responding to it.

Hearsay. [Fed. R. Evid. 802];

Improper Authentication. [Fed. R. Evid. 901]

///

///

Dated:  May 8, 2015

**GAUNTLETT & ASSOCIATES**

By:   /s/ James A. Lowe
      David A. Gauntlett
      James A. Lowe

Attorneys for Defendants and Counterclaimants, BRIAN MACDONALD AND LOVESURF, INC.

## CERTIFICATE OF SERVICE

I hereby certify that on March 8, 2015, I electronically filed the foregoing **DEFENDANTS' EVIDENTIARY OBJECTIONS** with the Clerk of the Court using the CM/ECF system which will send notification of such filing via electronic mail to all counsel of record.

*/s/James A. Lowe*
James A. Lowe