STEVEN J. COLOGNE, ESQ. (Bar No. 118534)
scologne@higgslaw.com
CHARLES F. REIDELBACH, JR., ESQ. (Bar No. 167482)
reidelbach@higgslaw.com
CHRISTINA G. BOBB, ESQ. (Bar No. 259430)
cbobb@higgslaw.com
HIGGS FLETCHER & MACK LLP
401 West "A" Street, Suite 2600
San Diego, CA 92101-7913
TEL: 619.236.1551
FAX: 619.696.1410

Attorneys for Plaintiffs
GINA CHAMPION-CAIN, an individual; LUV SURF, LP, a
California limited partnership; ANI COMMERCIAL CA I,
LLC, a California limited liability company; ANI
COMMERCIAL CA II, LP, a California limited partnership

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GINA CHAMPION-CAIN, an individual; LUV SURF, LP, a California limited partnership; ANI COMMERCIAL CA I, LLC, a California limited liability company; ANI COMMERCIAL CA II, LP, a California limited partnership,<br><br>Plaintiff,<br><br>v.<br><br>BRIAN MACDONALD, an individual; LOVESURF, INC., a Delaware corporation, and DOES 1-10, inclusive,<br><br>Defendants.<br><br>AND RELATED COUNTER-CLAIM. | CASE NO. 14-CV-02540-GPC-BLM<br><br>**DECLARATION OF CATHERINE MORRISON IN SUPPORT OF OPPOSITION TO MOTION FOR SANCTIONS**<br><br>CASE FILED: October 23, 2014<br><br>JUDGE: Hon. Barbara Majors<br><br>TRIAL DATE: Not Set |

I, CATHERINE MORRISON, declare as follows:

1.  I am Special Counsel with Higgs Fletcher & Mack LLP, counsel for Plaintiffs in this case. I have personal knowledge of the following and I could and would competently testify thereto if called upon to do so.

2.  I prepared a draft computer inspection agreement ("Agreement") and circulated it to DTI and to Defendants' counsel, Jim Lowe. When I drafted it, I reviewed Jim Lowe's email to Steve Cologne that expressed his concerns regarding the privacy of his clients' information carefully. [*See* **Exhibit E** attached to Declaration of Steven J. Cologne]. I drafted the Agreement to address his concerns. I received verbal confirmation from Mr. Lowe that he agreed to the Agreement on or about March 27, 2015. Between March 6 and March 27, 2015, Mr. Lowe did not make any changes or corrections to the initial draft that I sent him.

3.  In addition, Jim Lowe never designated the computer material to be "Confidential – For Counsel Only" under the Protective Order.

4.  From the time that Jim Lowe initially stated he thought that an agreement to a computer inspection was possible, on March 3, 2015, until Jim Lowe agreed on March 27, 2015 to the actual inspection, I was involved with drafting an Agreement for it, working out the details of the inspection and its scope and parameters. During that time, Defendants did not ever designate the material under the Protective Order or discuss the terms of the Protective Order in relation to the computer inspection.

5.  On or about March 17, 2015, Jim Lowe was disputing that Plaintiffs needed to inspect the entire computer system from where Defendants' exhibits came. I was responsible for communicating with DTI to obtain the specific rationale for needing a broader inspection. In trying to resolve Jim Lowe's concerns regarding privacy, I suggested to Jim Lowe that DTI provide a report to Jim Lowe first so that Defendants could object if any privileged or confidential information was discussed [*See* **Exhibit B** attached to this Declaration]. Jim Lowe

refused the offer. *Id.* However, I still argued that I felt that such an agreement would alleviate his concerns. *Id.*

6. Because he refused my offer, we did not discuss at all the specifics terms of such an agreement (*i.e.*, the timing for Defendants to receive a report and to advise if there were objections, the procedure for Plaintiff to follow if Defendants did object, how the parties would handle the Reply due date, etc.). Also, Jim Lowe did not request that anything related to my offer be put in the Agreement. From the moment that I sent the email confirming that he had refused my offer, until April 21, 2015, when he sent the email expressing anger that Plaintiffs did not provide him with an advance copy of Peter Garza's Declaration (which was his "report"), he did not ever mention an agreement to provide the Declaration to Jim Lowe first.

7. I should not have included an agreement to provide an advance copy of Peter Garza's Declaration with my email of March 27, 2015 confirming the computer inspection. [**Dkt. 46-3**]. It did not accurately reflect our agreement. We didn't receive Peter Garza's final declaration until the day the Reply was due.

////
////
////
////
////
////
////
////
////
////
////
////
////

HIGGS FLETCHER &
MACK LLP
ATTORNEYS AT LAW
SAN DIEGO

3620078.1

3

Case No. 14-CV-02540-GPC-BLM

8.     The day after the Reply Brief was filed, April 21, 2015, Jim Lowe sent a letter objecting to the Reply because he did not receive an advance copy of Peter Garza's Declaration. [**Dkt. 46-6**]. Upon receiving Defendants' letter objecting to Plaintiffs' Reply, I responded back to Mr. Lowe even though he didn't address the letter to me (as the person with whom he had been communicating about the Agreement.). [**Dkt. 46-7**].

I declare under penalty of perjury, under the laws of the state of California, that the foregoing is true and correct.

Executed on June 15, 2015, at San Diego, California.

CATHERINE MORRISON

# EXHIBIT B

## Morrison, Catherine

| | |
|---|---|
| **From:** | Morrison, Catherine |
| **Sent:** | Tuesday, March 17, 2015 9:24 AM |
| **To:** | jal@gauntlettlaw.com |
| **Subject:** | Computer Inspection [IWOV-WORKSITE.FID658889] |

Jim –

Regarding our telephone conversation yesterday afternoon, I should be hearing back from DTI this morning.  I want to make sure there isn't another compromise that I'm not seeing before I resort to seeking Court assistance.  Seeking Court assistance will be expensive and time consuming.  From my perspective, DTI must have access to your client's full hard drive (the external drive and the flash drive) to ensure that all data related to the documents you produced is retrievable.  I indicated that DTI will only review files that pertain to those documents, but DTI must have a full image of the hard drives (the external hard drive and the flash drive) to ensure a complete review is possible and is not limited to only the files that you chose to provide DTI.  My suggestion that DTI share the data they collected from the relevant files with you first, before sharing it with our office, was unacceptable to you.  Giving you a first look would allow you to object to the report and give you time to prepare a privilege log.  I would think that this would be a good safety net.

I will follow up with you after I speak to DTI –

Thank you for your attention to the above.

Catherine

1

EXHIBIT C

**From:** Chris Kramer [mailto:chris@luvsurfapparel.com]
**Sent:** Monday, May 11, 2015 12:55 PM
**To:** Gina Champion-Cain; Reidelbach, Charles F.; tanya@shopluvsurf.com
**Cc:** Jessica Florin
**Subject:** Fwd: It's TEE Time! LoveSurf's New Collection

---------- Forwarded message ----------
From: "Nicole at ChicExecs" <nicole@chicblvd.com>
Date: May 11, 2015 12:22 PM
Subject: It's TEE Time! LoveSurf's New Collection
To: "retail@luvsdsurf.com" <retail@luvsdsurf.com>
Cc:



Hi LUVSURF,

How are you? I wanted to share LoveSurf's new tee-shirt collection! In addition to great designs, LoveSurf has created *storytelling* within their products. Making everyone who wears the brand **feel** great about themselves.

Not only was LoveSurf created and born in California, but their factory is located here as well. By having USA products they are able to stay on the forefront of all things trending. With a quick production turn-around, LoveSurf should be the #1 choice for retailers.

1

  

Please checkout their FULL catalog of tees as well as their pricing here:

http://issuu.com/lovesurf/docs/ lovesurf_tanks_and_tees_catalog_201

I would love to get in contact with you to further convince you why LoveSurf should be          the easy addition to your tee-shirt selection.

Thank you and looking forward to connecting soon!

Nicole Lopez
Account Executive
ChicExecs Channel Management & PR
1487 Poinsettia Ave Ste 125
Vista, CA 92081
P. 760.712.5508
nicole@chicblvd.com

ABOUT US: ChicBlvd Inc owns ChicExecs PR and Channel Management company. With a birds eye view into the hottest products sought after by thousands of the top magazine editor and tv show producers, ChicBlvd Inc connects our Clients with Buyers for mutual success.

2