**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GINA CHAMPION-CAIN, an individual; LUV SURF, LP, a California limited partnership; ANI COMMERCIAL CA I, LLC, a California limited liability company; and ANI COMMERCIAL CA II, LP, a California limited partnership,<br><br>                     Plaintiffs,<br>v.<br><br>BRIAN MACDONALD, an individual; LOVESURF, INC., a Delaware corporation, and DOES 1-10, inclusive,<br><br>                     Defendants. | CASE NO. 14-cv-2540-GPC-BLM<br><br>**ORDER ON *EX PARTE* APPLICATIONS**<br><br>[ECF Nos. 37, 38, 41] |

    Since filing their reply brief supporting their preliminary injunction motion on April 20, 2015, Plaintiffs have filed three *ex parte* applications relating to the pending preliminary injunction motion.

    On May 22, 2015, Plaintiffs filed an *Ex Parte* Application for Leave to Submit New Evidence in Support of Motion for Preliminary Injunction. (ECF No. 37.) Defendants filed a response on June 2, 2015. (ECF No. 42.)

    On May 27, 2015, Plaintiffs filed an *Ex Parte* Motion for Order Permitting Oral Argument and Limited Witness Testimony on Plaintiffs' Motion for Preliminary

Injunction. (ECF No. 38.) Defendants filed a response on June 3, 2015. (ECF No. 43.)

Finally, on June 2, 2015, Plaintiffs filed an *Ex Parte* Application for Leave to Submit Additional Evidence in Support of Motion for Preliminary Injunction. (ECF No. 41.) Defendants filed their opposition on June 3, 2015. (ECF No. 45.) Plaintiffs filed a reply on June 11, 2015. (ECF No. 48.)

## DISCUSSION

**A.  New Evidence**

In their May 22, 2015 and June 2, 2015 applications, Plaintiffs seek leave to submit new evidence showing likelihood of irreparable harm, which is a required element for obtaining a preliminary injunction. (ECF No. 37 at 2; ECF No. 41 at 2-3.) Specifically, Plaintiffs wish to submit the following:

1. An email, dated May 15, 2015, from Nordstrom informing a representative for Plaintiffs that Nordstrom will stop selling Plaintiffs' merchandise (Ex. A, ECF No. 37) as a result of a cease and desist letter sent by Defendants (Ex. B, ECF No. 37).

2. An email, dated May 13, 2015, from Defendant Brian MacDonald to the organizer of the "Sisters of the Sea" female surf competition asking that she not publish Luv Surf's logo or brand on "Sisters of the Sea" marketing materials because they were stolen. (Ex. A, ECF No. 41.)

3. An email, dated May 27, 2015, from Defendant Brian MacDonald to one of Plaintiffs' brand ambassadors encouraging her not to do business with Plaintiffs because Luv Surf is "a[n] embarrassing copy of LOVESURF." (Ex. B, ECF No. 41.)

4. Screenshots of Defendants' website wherein Defendants discuss the Nordstrom issue and cite to other content showing that Luv Surf is a "rip-off brand." (Ex. C, ECF No. 41.)

///

Defendants object to this evidence on various grounds, including that (1) Defendants claim priority on the mark, so it would be improper to prevent them from competing for customers, (2) Defendants will suffer prejudice because they will not have an opportunity to address this evidence before the hearing on the preliminary injunction motion, (3) Plaintiffs cite no authority for their requests, (4) determinations of the truth or falsity of Defendants' speech must be made at trial, not as part of a preliminary injunction determination, (5) Plaintiffs' cannot show irreparable harm anyway because of their long delay in bringing the preliminary injunction motion, and (6) the evidence does not show a threat of *future* harm (and any existing harm can be remedied through monetary damages). (ECF Nos. 43, 45.)

The Court finds the three emails, the cease and desist letter, and the screenshots listed above to be directly relevant to Plaintiffs' showing of irreparable harm and will consider them in relation to Plaintiffs' pending preliminary injunction motion. District courts have broad discretion to consider arguments first raised in a reply brief, *Lane v. Dept. of Interior*, 523 F.3d 1128, 1140 (9th Cir. 2008) (*citing Glenn K. Jackson, Inc. v. Roe*, 273 F.3d 1192, 1201–02 (9th Cir. 2001)), and, given that Plaintiffs filed their applications prior to the hearing, the Court believes it has discretion to consider the new evidence. All three emails were sent well after Plaintiffs filed their reply brief, so Plaintiffs could not have included them in their briefing on the motion. The screenshots were taken by Chris Kramer, who filed a declaration supporting Plaintiffs' application. (Kramer Decl. ¶ 6, ECF No. 41-1 at 3.) Though Mr. Kramer does not state the date on which he took the screenshots, the exhibits themselves contain content describing events that took place in June of 2015, so they appear to be recent as well. (*See id.*; Ex. C, ECF No. 41.) Additionally, the exhibits were attached to Plaintiffs' *ex parte* applications, so Defendants had the opportunity to review them and present their arguments in their opposition briefs. (*See* ECF Nos. 42, 43, 45.) Further, in order to prevent prejudice to Defendants, the Court also will allow Defendants the opportunity to address this evidence at the hearing. *See Provenz v. Miller*, 102 F.3d 1478, 1483

(9th Cir. 1996) (a court admitting arguments submitted for the first time in a reply brief should protect the non-moving party against unfair surprises by allowing it an opportunity to respond); *Lewis v. Gotham Ins. Co.*, No. 09CV252 L (POR), 2009 WL 3698028, at *1 (S.D. Cal. Feb. 4, 2010) (when considering new arguments raised in a reply brief, the court should either "provide oral argument to the non-moving party, or allow the non-moving party to file a sur-reply").

## B.  Testimony

In Plaintiffs' May 27, 2015 application, Plaintiffs request oral argument on their preliminary injunction motion and the opportunity to offer "percipient / expert testimony." (ECF No. 38.) It appears the testimony they seek to present is that of their forensic analyst, Peter Garza. (*Id.*) Defendants object to Mr. Garza providing any testimony. (ECF No. 43.)

The Court will hold a hearing on Plaintiffs' preliminary injunction motion on May 18, 2015. However, Plaintiffs cite no authority in support of their request to present expert testimony. Moreover, given the parties' ongoing dispute regarding whether Plaintiffs' filing of Mr. Garza's declaration violated the parties' protective order or their separate agreement regarding his review of Defendants' computer files, the Court finds it inappropriate to allow the opportunity for further disclosures at this time. Plaintiffs' request for witness testimony, therefore, is denied.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. Plaintiffs' *Ex Parte* Application for Leave to Submit New Evidence in Support of Motion for Preliminary Injunction (ECF No. 37) is **GRANTED**.

2. Plaintiffs' *Ex Parte* Motion for Order Permitting Oral Argument and Limited Witness Testimony on Plaintiffs' Motion for Preliminary Injunction (ECF No. 38) is **GRANTED** to the extent that the Court will hear oral argument by counsel on June 18, 2015, and **DENIED** to the

extent Plaintiffs seek permission to present witness testimony.

3. Plaintiffs' *Ex Parte* Application for Leave to Submit Additional Evidence in Support of Motion for Preliminary Injunction (ECF No. 41) is **GRANTED**.

**IT IS SO ORDERED**.

DATED: June 17, 2015

HON. GONZALO P. CURIEL
United States District Judge