1

2

3 UNITED STATES DISTRICT COURT

4 SOUTHERN DISTRICT OF CALIFORNIA

5

6 GINA CHAMPION-CAIN, et al.,

Plaintiffs,

7

v.

8

BRIAN MACDONALD, et al.,

9 Defendants.

10

11

12

| | |
|---|---|
| Case No.:  14cv2540-GPC (BLM) | |

**ORDER DENYING DEFENDANTS' EX PARTE MOTION TO AMEND THE CASE MANAGEMENT ORDER AND REPORT AND RECOMMENDATION FOR ORDER DENYING MOTION FOR LEAVE TO AMEND THE COUNTERCLAIM TO SUBSTITUTE ROES**

**ECF No. 67**

13      Currently before the Court is Defendants' September 22, 2015 "Ex Parte Motion for [sic]

14 to Amend the Case Management Order and For Leave to Amend the Counterclaim to Substitute

15 ROES" [ECF No. 67 -1 ("Mot")] and Plaintiffs' September 25, 2015 opposition to Defendants'

16 motion [ECF No. 68 ("Oppo.")].

17                              **DISCUSSION**

18      On August 26, 2015, the parties filed a "Joint Motion to Amend the Case Management

19 Conference Order."  ECF No. 61.  The parties sought permission to (1) file amended pleadings,

20 (2) reopen and extend the fact discovery deadline to October 30, 2015, and (3) continue the

21 deadline to submit expert reports to November 30, 2015.  Id. at 2.  In support, the parties stated

22

23
                              1

1  that Defendants recently "received assignment of a federally registered trademark, 'Love Surf

2  Love,'" which Defendants contend can be used to establish priority over Plaintiffs' marks.  Id.

3  Accordingly, Defendants sought to amend their counterclaim to make additional related

4  allegations and Plaintiffs sought additional time to conduct fact discovery related to the newly

5  assigned trademark.  Id. at 2-3.  After considering the joint motion and consulting with the

6  Honorable Gonzalo P. Curiel, the Court granted the parties' motion.[1]  See ECF No. 63.

7       On September 22, 2015, Defendants filed an "Ex Parte Motion for [sic] to Amend the

8  Case Management Order and For Leave to Amend the Counterclaim to Substitute ROES."  Mot.

9  Defendants seek permission to file a "Second Amended Answer and Counterclaim substituting

10  Luv Surf Brands, LLC[2] and The Surf Life, LP as Counter-Defendants previously named as ROES

11  number 1 and 2."  Mot. at 3.  The proposed amendment does not assert any new claims.  Id.

12  In support, Defendants argue that there is good cause to modify the scheduling order because

13  the parties that Defendants seek to substitute are "essential to the complete resolution of this

14  dispute" and that since the proposed parties are related to Plaintiffs, there will be no additional

15  delays caused by the substitution.  Id.  Defendants further argue that they have not acted in

16  bad faith in moving to amend, the amendments would not be futile, and the amendments will

17  not prejudice Plaintiffs.  Id.  Defendants note that they sought a stipulation from Plaintiffs who

18  declined.  Id.

19

20  [1] In the Order the Court stated that Defendants could file an "amended counter-claim."  See ECF No. 63 at 2.

21  [2] Defendants alternate their spelling of "Love Surf Brands, LLC" throughout the motion.  See Mot. at 3 -4 (referring
to Luv Surf Brands, LLC) and 4 and 6 (referring to Love Surf Brands, LLC).  The Court will refer to the proposed
22  party as Luv Surf Brands, LLC.

2

23

1   Plaintiffs filed an objection to Defendants' motion on September 25, 2015.  See ECF No.

2   68.  Plaintiffs contend that Defendants were not diligent in seeking to add the new parties and

3   fail to show good cause to amend their counterclaim.  Id. at 2.  Plaintiffs further contend that

4   granting Defendants' motion will prejudice Plaintiffs because additional discovery regarding the

5   liability of the new parties will be necessary and the deadline to complete fact discovery is

6   October 30, 2015.  Id. at 2-3.  Plaintiffs explain that Defendants have not been diligent in seeking

7   to amend their counterclaim because they were made aware of Luv Surfs Brands, LLC more

8   than four months ago when they deposed Plaintiff Gina Champion-Cain and are just now seeking

9   to amend.  Id. at 2, and 5-6.  Plaintiffs also argue that Defendants have not provided sufficient

10  information for the Court to make a good cause determination as to The Surf Life, LP.  Id. at 2.

11  Finally, Plaintiffs assert that Defendants should have clearly sought to add these new parties

12  during the August 2015 negotiation and motion.  Id. at 2.

13  **I.      MOTION TO AMEND THE CASE MANAGEMENT ORDER**

14  A.      Legal Standard

15  Once a Rule 16 scheduling order is issued, dates set forth therein may be modified only

16  "for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4); see also ECF No. 223

17  at 7 (stating that dates and times "will not be modified except for good cause shown").  The

18  Rule 16 good cause standard focuses on the "reasonable diligence" of the moving party.  Noyes

19  v. Kelly Servs., 488 F.3d 1163, 1174 n.6 (9th Cir. 2007); Coleman v. Quaker Oats Co., 232 F.3d

20  1271, 1294-95 (9th Cir. 2000) (stating Rule 16(b) scheduling order may be modified for "good

21  cause" based primarily on diligence of moving party).  Essentially, "the focus of the inquiry is

22

23

3

1    upon the moving party's reasons for seeking modification." <u>Johnson v. Mammoth Recreations,</u>

2    <u>Inc.</u>, 975 F.2d 604, 609 (9th Cir. 1992).  However, a court also may consider the "existence or

3    degree of prejudice to the party opposing the modification . . . ." <u>Id.</u>

4        B.    <u>Analysis</u>

5        Defendants have failed to establish good cause for modifying the Case Management

6    Scheduling Order.  Initially, Defendants focus on the wrong date and discussion when they

7    assert that they "could not have anticipated that [they] would discover Plaintiffs' use of another

8    infringing trademark and the registration of another limited partnership, The Surf Life, LP for

9    that purpose" or that "Love Surf Brands, LLC would be created and assume ownership of the

10   properties that are making use of the disputed trademarks" at the time of the scheduling

11   conference.   Mot. at 6.  The focus is not on what Defendants knew during the original Case

12   Management Conference in February 2015; the focus is on the discovery and investigation

13   conducted by Defendants, the date the Defendants became aware of the new entities, and the

14   date Defendants sought to add the new parties.  Here, all parties agree that Defendants became

15   aware of Luv Surf Brands, LLC in May 2015 when Plaintiff Gina Champion-Cain was deposed.

16   <u>See</u> Mot. at 4; <u>see also</u> ECF No. 67-2, Declaration of James A. Lowe in Support of Ex Parte

17   Motion ("Lowe Decl.") at 2 and Exh. 103, and Oppo. at 3 and 5.  Despite this knowledge,

18   Defendants took no action for more than four months.  Defendants provide no explanation or

19   justification for this delay.  The Court finds that Defendants' conduct was not reasonably diligent.

20       Similarly, Defendants fail to establish that they were reasonably diligent with regard to

21   their request to add The Surf Life, LP as a new party.  Defendants' counsel states that "[w]hile

22

23                                        4

drafting [Defendants'] First Amended Counterclaim, I learned that Plaintiffs opened a retail store called "The Surf Life" and registered The Surf Life, LP as a limited partnership on June 23, 2015. . . . I discovered this information on September 9, 2015." Lowe Decl. at 2.  However, Defendants fail to provide any evidence regarding what, if any effort they made earlier in discovery to identify potential ROEs.  Defense counsel states that he "learned that Plaintiffs opened a retail store called "The Surf Life" when he was drafting the First Amended Answer and Counterclaim, but fails to explain how that occurred or why it was not "learned" earlier.[3]  Moreover, other than stating that The Surf Life, LP was registered on June 23, 2015 and may own the retail store called The Surf Life, Defendants provide no facts justifying the late addition of this entity.  See Mot.; see also Lowe Decl.

    Second, Defendants failed to raise the issue of substituting additional parties when they filed the joint motion to amend the case management conference scheduling order in August 2015.  See ECF No. 61.  Defendants now argue that the Court's order granting the parties' joint motion "was unclear as to whether [Defendants were] permitted to substitute parties for ROES."  Mot. at 3.  Defendants' argument is disingenuous.  Nowhere in the joint motion did Defendants request permission to add new parties to the claim.  See ECF No. 61.  Defendants only stated that they sought to amend the counterclaim to make additional allegations regarding the federally registered trademark Love Surf Love that was assigned to them in July 2015.  Id. at 2.

---

[3] Defendants' motion and defense counsel's declaration are confusing on this point.  Mot. at 7; see also Lowe Decl. at 2.  The motion indicates that counsel was reviewing a deposition transcript and preparing the amended counterclaim when he discovered the new entity. Mot. at 7. To the extent that the information regarding The Surf Life, LP was contained in Plaintiff Gina Champion-Cain's deposition transcript, counsel's failure to act on the information after the May 2015 deposition or to review the transcript prior to September 2015 also does not constitute reasonable diligence.

5

1  Defendants did not name the new parties and did not provide any explanation or justification

2  for new parties.  Id.  The only justification provided in the joint motion went to new allegations

3  against existing parties, not existing allegations against new parties.  Id. at 2-4.  Moreover,

4  defense counsel stated that he "learned" about The Surf Life, LP on September 9, 2015 when

5  he was preparing the amended counterclaim [see Lowe Decl. at 2] so he could not have included

6  the request in the August joint motion.  This conclusion also is supported by the fact that the

7  attorneys jointly sought to re-open fact discovery for approximately sixty days and to continue

8  the expert report deadlines by about ninety days.  See ECF No. 61 at 3.  Defense counsel cannot

9  be arguing that the requested continuances were sufficient to name and serve two new parties,

10  and to enable the new parties to move to dismiss and/or answer, conduct discovery relevant to

11  the claims against them, and retain, designate, and provide reports from experts addressing the

12  claims against the new parties.  The Court finds that the joint motion filed in August 2015 did

13  not seek to add new parties.  Defendants' failure to seek permission in the August motion to

14  add the new parties further demonstrates their lack of reasonable diligence.

15       Because Defendants have failed to demonstrate reasonable diligence and failed to show

16  good cause for modifying the Case Management Order, Defendants' motion to amend the

17  scheduling order is **DENIED**.  See Zivkovic v. Southern California Edison Co., 302 F.3d 1080,

18  1087 (9th Cir. 2002) ("If the party seeking modification 'was not diligent, the inquiry should end'

19  and the motion to modify should not be granted.") (quoting Johnson v. Mammoth Recreations,

20  Inc., 975 F.2d 604, 609 (9th Cir. 1992)); Life Technologies Corp. v. Ebioscience, Inc., 2012 WL

21  3628624, *3 (S.D. Cal. Aug. 21, 2012) ("failure to establish reasonable diligence alone warrants

22

23                           6

1  denial.").

2  **II.      MOTION TO AMEND COUNTERCLAIM TO SUBSTITUTE ROES**

3        A.      <u>Legal Standard</u>

4        Pursuant to Rule 15 of the Federal Rules of Civil Procedure, a party may amend its

5  pleading after the opposing party has served a responsive pleading "only with the opposing

6  party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Upon motion to the court,

7  "[t]he court should freely give leave when justice so requires." <u>Id.</u> "This policy is 'to be applied

8  with extreme liberality.'" <u>Eminence Capital, LLC v. Aspeon, Inc.</u>, 316 F.3d 1048, 1051 (9th Cir.

9  2003) (quoting <u>Owens v. Kaiser Found. Health Plan, Inc.</u>, 244 F.3d 708, 712 (9th Cir. 2001)).

10       The decision of whether to grant leave to amend nevertheless remains within the

11  discretion of the district court, which may deny leave to amend due to "undue delay, bad faith

12  or dilatory motive on the part of the movant, repeated failure to cure deficiencies by

13  amendments previously allowed, undue prejudice to the opposing party by virtue of allowance

14  of the amendment, [and] futility of amendment." <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962).

15  In assessing these factors, the consideration of prejudice should carry the greatest weight.

16  <u>Eminence Capital</u>, 316 F.3d at 1052.

17       "When a plaintiff seeks to amend after the time specified in a scheduling order, Federal

18  Rule of Civil Procedure 16 applies and a plaintiff 'must show good cause for not having amended

19  … before the time specified in the scheduling order expired.'" <u>Hursh v. County of San Diego</u>,

20  2011 WL 1086062, *1 (S.D. Cal., March 24, 2011) (quoting <u>Coleman v. Quaker Oats Co.</u>, 232

21  F.3d 1271, 1294 (9th Cir. 2000)). "This higher standard 'primarily considers the diligence of the

22

23

7

1    party seeking the amendment.'"  <u>Id.</u> (quoting <u>Coleman,</u> 232 F.3d at 1294).[4]

2           B.    <u>Analysis</u>

3           As explained above, Defendants have not shown good cause for modifying the Case

4    Management Scheduling Order and the time for modifying the counterclaim has expired.

5    Additionally, the Court finds that even under Rule 15 of the Federal Rules of Civil Procedure,

6    Defendants' motion should be denied.  Plaintiff waited more than four months after identifying

7    Luv Surf Brands, LLC as a potential party to try and add it as a party and this undue delay is not

8    justified.  Second, defendants failed to seek permission to add these new parties in the August

9    motion to amend.  Third, and most importantly, Plaintiffs will be unduly prejudiced if Defendants

10   are permitted to amend the counterclaim to add new parties.  Because the new parties will need

11   to answer, may move to dismiss, will need to conduct discovery, and may file dispositive

12   motions, the addition of the new parties will require a lengthy extension of the pending case

13   management deadlines and a rescheduling of the pretrial conference.  This case has been

14   pending for almost a full year and starting the process over again from the very beginning would

15   prejudice Plaintiffs.

16          Accordingly, the Court **RECOMMENDS** that Defendants' motion to amend the

17   counterclaim be **DENIED**.

18

19   _____

20   [4] <u>See</u> <u>also</u> <u>Fry v. Aztec Doberman Pinscher Club of San Diego</u>, 2012 WL 3985987, *5 (S.D. Cal., Sept. 11, 2012)
     (stating that "[a]lthough Rule 15(a) liberally allows for amendments to pleadings, that policy does not apply after
21   a district court has issued a pretrial scheduling order that established a timetable for amending the pleadings, and
     the deadline [has] expired. Rather, under those circumstances, parties seeking to amend their complaints must
22   show good cause for not having amended their complaints before the time specified in the scheduling order expired.
     This standard 'primarily considers the diligence of the party seeking the amendment.") (internal quotations and
     citations omitted).

23

**III.**   **Conclusion**

For the reasons set forth above, this Court **DENIES** Defendants' request to amend the Case Management Scheduling Order.  Because Defendants have failed to show good cause for seeking to amend the counterclaim and substitute new parties after the deadline established in the Court's scheduling order and because of the prejudice that Plaintiffs would suffer, the Court **RECOMMENDS** that Defendants' Motion to Amend the Counterclaim to Substitute Roes be **DENIED**.

**IT IS HEREBY ORDERED** that any written objections to this Report and Recommendation must be filed with the Court and served on all parties no later than **October 13, 2015**. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than **October 20, 2015**.  The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1157 (9th Cir. 1991).

**IT IS SO ORDERED**.

Dated:  10/6/2015

Hon. Barbara L. Major
United States Magistrate Judge

9