UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

GINA CHAMPION-CAIN, an individual;
LUV SURF, LP, a California limited
partnership; ANI COMMERCIAL CA I,
LLC,

Plaintiff,

v.

BRIAN MACDONALD, an individual;
LOVESURF, INC., a Delaware
corporation, and DOES 1–10, inclusive,

Defendant.

Case No.:  14-cv-2540-GPC-BLM

**ORDER DENYING PLAINTIFFS'–
COUNTERDEFENDANTS' JOINT
MOTION FOR PARTIAL
SUMMARY JUDGMENT**

[ECF No. 72]

On January 28, 2016, Plaintiffs/Counter-Defendants Gina Champion–Cain, Luv Surf LP, ANI Commercial CA I, LLC, and ANI Commercial CA II, LP (collectively "Plaintiffs") filed a motion for partial summary judgment. (ECF No. 72.)  The parties have fully briefed the motion.  (ECF Nos. 74, 75.)  The Court finds the motion suitable for disposition without oral argument pursuant to Civil Local Rule 7.1(d)(1).  Upon review of the moving papers, supporting documents, and applicable law, the Court **DENIES** Plaintiffs' motion for partial summary judgment.

//

//

**REQUESTS FOR JUDICIAL NOTICE**

Plaintiffs request judicial notice of the following documents: (1) Excerpts from Thomas McNeel's Voluntary Petition for Chapter 7 Bankruptcy filed on January 9, 2014 in the U.S. Bankruptcy Court for the Central District of California, Case No. 8:14–bk–10165–CB (Ex. A); (2) Order of Discharge of Debtor issued on April 28, 2014 (Ex. B); and (3) Order Approving Ex Parte Application to Reopen Chapter 7 Case to Administer Estate Assets and to Appoint a Chapter 7 Trustee issued on October 28, 2015 (Ex. C). (Plfs.' RJN, ECF No. 72–7.)  Plaintiffs additionally request that the Court take judicial notice of the bankruptcy trustee's Motion for Order Approving Trademark Sale and Assignment Agreement, and Ancillary Relief (Ex. 1).  (Plfs.' Supp. Br. at 4–5, ECF No. 77–1.)  Defendants request judicial notice of the following documents: (1) Ex Parte Application to Reopen Chapter 7 Case to Administer Estate Assets and to Appoint a Chapter 7 Trustee and supporting documents (Ex. A); (2) Docket of the United States Bankruptcy Court for the Central District of California, Case No. 8:14-bk-10165-CB (Ex. B).  (Defs.' RJN, ECF No. 74–4.)

Under Federal Rule of Evidence 201, a court may take notice of facts not subject to reasonable dispute that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.  FED. R. EVID. 201(b).  The Court finds that the parties' requests for judicial notice are properly noticeable, and therefore takes judicial notice of the documents.  *See United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) ("[W]e 'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" (citation omitted)); *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n. 6 (9th Cir. 2006) (court may judicially notice "court filings and other matters of public matters").

**FACTUAL BACKGROUND**

As will be discussed below, the parties vehemently dispute which company first used the trademark at issue.  Without making any finding at this stage as to the truth of the

allegations, the Court details the parties' claimed first uses below.

**A.  Plaintiffs' Claimed Use of the Luv Surf Marks**

Plaintiffs allege that they began using the brand "LUV SURF" in connection with a vacation rental business in San Diego in August 2011, and had a logo designed for "LUV San Diego SURF." (Champion–Cain Decl. ¶ 2, ECF No. 18–2; Ex. I, ECF No. 19–11 at 22.) They began placing Luv Surf marks on merchandise in December 2011. (*Id.* ¶ 4.) Plaintiffs promoted the products on social media and registered websites, and sold their products through their online retail business and brick–and–mortar store. (*Id.* ¶ 8.) Plaintiff Champion–Cain has multiple federal trademark registrations and applications. (*Id.* ¶ 9.)

**B.  Defendants' Claimed Use of the Lovesurf Marks**

Defendants allege that they started making hats and T–shirts labeled with a tag displaying "LOVESURF" in 2010. (MacDonald Decl. ¶ 2, ECF No. 23–1.) By July 12, 2011, Defendants added other clothing lines using the "LOVESURF" brand, and by August 15, 2011, Defendants were selling clothing under the "LOVESURF" brand. (*Id.* ¶ 4.) In December 2011, Defendants created the "HEART WAVE" logo. (*Id.* ¶ 6.) By December 28, 2011, Defendants used the "HEART WAVE" logo above the word "LoveSurf" on tags of clothing for sale on the internet. (*Id.* ¶ 7.) Lovesurf has several trademark registrations for its LOVESURF mark as well as the HEART WAVE LOVESURF logo and the HEART WAVE logo. (*Id.* ¶ 9.)

**C.  The Luv Surf Love Mark**

Thomas McNeel registered the LOVE SURF LOVE trademark with the U.S. Patent and Trademark Office on July 19, 2005 (U.S. Reg. No. 2974608). (Plfs.' Notice of Lodgment of Exhibits ("NOL"), Ex. 2, ECF No. 72–5.)

On January 9, 2014, Mr. McNeel filed a voluntary petition for personal bankruptcy in the United States Bankruptcy Court for the Central District of California. (RJN, Ex. A, ECF No. 72–4.) Mr. McNeel did not disclose the LOVE SURF LOVE mark on his schedules of assets as listed in Schedule B. (*See id.* at 14 (instructing petitioner to list "[p]atents, copyrights, and other intellectual property").) Mr. McNeel responded "NONE."

(*Id.*)  On April 28, 2014, the bankruptcy court entered a discharge and no assets were administered.  (RJN, Ex. B, ECF No. 72–9.)

In July 2015, Defendant MacDonald contacted Mr. McNeel to discuss purchasing the Love Surf Love mark.  (NOL, Ex. 1 at 16–19, ECF No. 72–4.)  On July 18, 2015, Mr. McNeel assigned "all right, title and interest" in the LOVE SURF LOVE trademark to Lovesurf, Inc. in exchange for $10,000.  (NOL, Ex. 3, ECF No. 72–6.)  Lovesurf filed the assignment with the USPTO and began to advertise and sell goods under the LOVE SURF LOVE trademark.  (Defs.' NOL, Ex. 2, ECF No. 74–8.)

**D.      Recent Bankruptcy Court Developments**

On August 24, 2015 Peter C. Anderson, United States Bankruptcy Trustee, filed an Ex Parte Application to Reopen Chapter 7 Case with the Bankruptcy Court for the Central District of California.  (Defs.' RJN, Ex. A, ECF No. 74–5).  The Ex Parte Application asserted that McNeel had failed to list two trademarks on his schedule of assets, one of which was the "Love Surf Love" mark.  (*Id.* at 2.)  On October 28, 2015 the Bankruptcy Court approved the application to reopen.  (Plfs.' RJN, Ex. C, ECF No. 72–7.)  Waneta M.A. Kosmala ("Trustee") was appointed as Chapter 7 trustee of Mr. McNeel's bankruptcy estate.  (Defs.' NOL, Ex. 1, ECF No. 74–8.)

On April 5, 2016, counsel for the Trustee filed a motion in the Bankruptcy Court for the Central District of California seeking an order "Approving a Trademark Sale and Assignment Agreement Between Trustee and American National Investments, Inc." (Plfs.' Supp. Br., Ex. 1, ECF No. 77–1.)  The Trustee filed therewith an assignment agreement entered between the Trustee and Plaintiff American National Investments, Inc. ("ANI") for the sale of the Love Surf Love trademark, subject to an "overbidding" process.  (*Id.*, Ex. B, ECF No. 77–1.)[1]

//

---

[1] Plaintiffs are instructed to file declarations and exhibits as separate entries on CM/ECF for future filings, such that a declaration and exhibits are not in one bulk file.

## RELEVANT PROCEDURAL HISTORY

On January 28, 2016, Plaintiffs filed the instant motion for partial summary judgment. (Mot. Partial Summ. J., ECF No. 72.)  Defendants filed an opposition on March 4, 2016 (ECF No. 73) and Plaintiffs filed a reply on March 18, 2016 (ECF No. 75).  On April 5, 2016, the Court submitted Plaintiffs' motion on the papers. (*See* ECF No. 76.)  On April 6, 2016, Plaintiffs filed an ex parte motion for leave to file additional briefing in light of recent developments in the bankruptcy proceedings, which the Court granted on April 21, 2016.  (ECF Nos. 77, 80.)

## LEGAL STANDARD

Federal Rule of Civil Procedure 56 empowers the Court to enter summary judgment on factually unsupported claims or defenses, and thereby "secure the just, speedy and inexpensive determination of every action." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 327 (1986).  Summary judgment is appropriate if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c).  A fact is material when it affects the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The moving party bears the initial burden of demonstrating the absence of any genuine issues of material fact.  *Celotex Corp.*, 477 U.S. at 323.  The moving party can satisfy this burden by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element of his or her claim on which that party will bear the burden of proof at trial. *Id.* at 322-23.  If the moving party fails to bear the initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159-60 (1970).

Once the moving party has satisfied this burden, the nonmoving party cannot rest on the mere allegations or denials of his pleading, but must "go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477

U.S. at 324.  If the non-moving party fails to make a sufficient showing of an element of its case, the moving party is entitled to judgment as a matter of law.  *Id.* at 325.  "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'"  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  In making this determination, the court must "view[] the evidence in the light most favorable to the nonmoving party."  *Fontana v. Haskin*, 262 F.3d 871, 876 (9th Cir. 2001).  The Court does not engage in credibility determinations, weighing of evidence, or drawing of legitimate inferences from the facts; these functions are for the trier of fact.  *Anderson*, 477 U.S. at 255.

## DISCUSSION

Plaintiffs' motion for partial summary judgment seeks an order declaring void the purported trademark assignment from Mr. McNeel to Defendants on the grounds that Mr. McNeel did not own the property at the time of the transaction.  Plaintiffs argue that the trademark remained a part of Mr. McNeel's bankruptcy estate by operation of law, with the Chapter 7 trustee retaining exclusive ownership, because Mr. McNeel did not disclose the trademark in his schedules.  (Mot. Partial Summ. J. at 6–8, ECF No. 72.)  Specifically, Plaintiffs contend that property of the bankruptcy estate remains in the estate until and unless it is abandoned, and property that is not scheduled is not abandoned and remains property of the bankruptcy estate.  (*Id.* at 6–7 (citing 11 U.S.C. §§ 544(c)–(d).)  As such, Plaintiffs contend that the Trustee owns the LOVE SURF LOVE mark because it was never revested to Mr. McNeel.  (*Id.*)

Defendants respond that the reopening of a bankruptcy case is not a proper basis for determining whether a debtor's sale of an unscheduled asset is valid.  (Opp'n at 4, ECF No. 74.)  Specifically, Defendants argue that such a determination can only be made by the bankruptcy court upon application by the Trustee through an adversary proceeding under 11 U.S.C. § 549 governing post–petition transactions.  (*Id.*)  Defendants maintain that as a good faith purchaser, Lovesurf currently remains the rightful owner of the trademark unless and until the bankruptcy court declares otherwise.  (*Id.* at 6.)  Defendants further argue that

even if the bankruptcy court later finds that the transfer was voidable, summary judgment on the validity of the transfer by this Court is premature. (*Id.* at 8.) In their supplemental brief, Plaintiffs argue that the Trustee's April 6, 2016 motion seeking an order approving the sale of the trademark to Plaintiff ANI further undermines Defendants' claim to ownership of the trademark and supports partial summary judgment. (Supp. Br. at 2–3. ECF No. 77–1.)

The Court finds that, at this juncture, there exists a genuine dispute of material facts relating to the ownership of the LOVE SURF LOVE trademark. The Trustee's re–opening of bankruptcy proceedings and filing of a Motion for Order Approving Trademark Sale and Assignment Agreement, and Ancillary Relief (Plfs.' Supp. Br. at 4–5, Ex. 1, ECF No. 77–1) undercuts Defendants' position that Lovesurf, as a bona fide purchaser, retains ownership of the trademark. However, the Trustee's filing of the motion does not establish as a matter of law that Mr. McNeel's assignment to Defendants was void.

The Trustee's position is that because Mr. McNeel failed to schedule the trademark, it was not abandoned when the case was closed and remained property of the estate. (*Id.* at 4 (citing 11 U.S.C. § 554(c), (d)).) The hearing on Trustee's motion is set before the bankruptcy court on May 24, 2016. As the Trustee points out, it appears that the [e]state now has the LOVE SURF LOVE trademark "and/or an avoidance action relating to that trademark, and a potential damage claim for infringement by multiple parties" and "[m]ultiple actions are likely to be necessary to sort out the [e]state's interests." (*Id.* at 5.) The matter is properly before the bankruptcy court and summary judgment is premature prior to the bankruptcy court's resolution of questions of ownership. The Court therefore **DENIES** Plaintiffs' motion for partial summary judgment.

//

//

//

//

//

7

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CONCLUSION

In light of the foregoing, the Court **DENIES** Plaintiffs' motion for summary judgment without prejudice.

**IT IS SO ORDERED**.

Dated:  May 10, 2016

Hon. Gonzalo P. Curiel
United States District Judge

14-cv-2540-GPC-BLM