**GAUNTLETT & ASSOCIATES**
David A. Gauntlett (SBN 96399)
info@gauntlettlaw.com
James A. Lowe (SBN 214383)
jal@gauntlettlaw.com
18400 Von Karman, Suite 300
Irvine, California  92612
Telephone:  (949) 553-1010
Facsimile:   (949) 553-2050

Attorneys for Defendants and Counterclaimants,
LOVESURF, INC. and BRIAN MACDONALD

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GINA CHAMPION-CAIN, an individual; LUV SURF, LP, a California limited partnership; ANI COMMERCIAL CA I, LLC, a California limited liability company; ANI COMMERCIAL CA II, LP, a California limited partnership, <br><br> Plaintiffs, <br> vs. <br><br> BRIAN MACDONALD, an individual; LOVESURF, INC., a Delaware corporation, and DOES 1-10, inclusive, <br><br> Defendants. | Case No.: **3:14-CV-02540-GPC-BLM** <br><br> Hon. Gonzalo P. Curiel <br><br><br> **MEMORANDUM IN SUPPORT OF MOTION OF COUNSEL TO WITHDRAW FROM REPRESENTATION** <br><br> CASE FILED: October 23, 2014 <br><br> DATE:        August 26, 2016 <br> TIME:        1:30 p.m. <br> CTRM        2D <br> JUDGE:        Hon. Gonzalo P. Curiel <br><br> TRIAL DATE:        Not Set |
| BRIAN MACDONALD, an individual; LOVESURF, INC., a Delaware corporation, <br><br> Counterclaimants, <br> vs. <br><br> GINA CHAMPION-CAIN, an individual; LUV SURF, LP, a California limited partnership; ANI COMMERCIAL CA I, LLC, a California limited liability company; ANI COMMERCIAL CA II, LP, a California limited partnership; and ROES 1-50, inclusive, <br><br> Counter-Defendants, | |

## I.    INTRODUCTION

David A. Gauntlett, James A. Lowe, and Gauntlett & Associates (collectively "Gauntlett & Associates" or "G&A"), counsel of record for LOVESURF, INC. and BRIAN MACDONALD ("Defendants"), pursuant to L.R. 83.3(f)(3), move to withdraw from representation of Defendants in this case.

Defendants, LOVESURF, INC. and BRIAN MACDONALD, have burdened counsel by non-payment for legal services for which they contracted and have created a conflict of interest as a consequence, making further representation impossible. Therefore, counsel wishes to withdraw from the representation in this matter. The Defendants have been notified of counsel's intention to move to withdraw.

## II.    ARGUMENT

Rule 3-700(C)(1) of the California Rules of Professional Conduct provides that a lawyer may withdraw from representing a client if the client:

> (f) breaches an agreement or obligation to the member
>
> as to expenses or fees.

This situation exists here and warrants withdrawal of counsel.

Defendants, LOVESURF, INC. and BRIAN MACDONALD, entered into a written retainer agreement with Gauntlett & Associates to represent them in this suit, promising to promptly pay all fees and expenses. Defendants have failed to pay regularly invoiced fees and expenses, have paid nothing at all in the past five months, and have indicated no intention or ability to pay anything in the future. The engagement agreement authorized Gauntlett & Associates to withdraw from representation if the Defendants failed to promptly pay all fees and expenses. The Court should permit Gauntlett & Associates to withdraw from representation.

An attorney may not withdraw as counsel except by leave of court, *Darby v. City of Torrance*, 810 F.Supp. 275, 276 (C.D. Cal. 1992), and "[t]he decision to grant or deny counsel's motion to withdraw is committed to the discretion of the trial court." *Irwin v. Mascott,* No. C 97-4737, 2004 U.S. Dist. LEXIS 28264, at *4 (N.D. Cal. Dec.

1, 2004) (citing *Washington v. Sherwin Real Estate, Inc.*, 694 F.2d 1081, 1087 (7th Cir. 1982)); see also S.D CAL. L.R. 83.3(f)(3). In ruling on a motion to withdraw as counsel, courts may consider: (1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case. *Irwin,* 2004 U.S. Dist. LEXIS 28264 at *4; see also *Nat'l Career College, Inc., v. Spellings*, No. 07-00075, 2007 U.S. Dist. LEXIS 50705 at *4-5 (Dist. Haw. July 11, 2007) *Beard v. Shuttermart of Cal., Inc.*, No. 07CV594WQH (NLS), 2008 U.S. Dist. LEXIS 10575, at *6-7 (S.D. Cal. Feb. 13, 2008).

Good cause for withdrawal exists here. Defendants have failed to pay G&A their legal fees and costs as agreed upon and have indicated that they would be unable to make those payments. Failure to pay attorney's fees can be a valid ground for withdrawal. See *Indymac Fed. Bank v. McComic*, No. 08-CV-1871 - IEG (WVG), 2010 U.S. Dist. LEXIS 48828, at *2-3 (S.D. Cal. May 18, 2010); *Canandaigua Wine Co. v. Edwin Moldauer*, No. 1:02-cv-06599 OWW DLB, 2009 U.S. Dist. LEXIS 4238, 2009 WL 89141, at *2 (E.D. Cal. Jan. 13, 2009).

The Rules of Professional Conduct in California permit withdrawal if the client's "conduct renders it unreasonably difficult for the [attorney] to carry out the employment effectively." California Rules of Professional Conduct Rule 3-700(C)(1)(d). Withdrawal is also permitted where a client breaches an obligation to his attorney with respect to payment of fees or expenses. California Rules of Professional Conduct Rule 3-700(C)(1)(f). The failure to pay attorney's fees may be grounds for withdrawal. See *Schueneman v. 1st Credit of America, LLC*, No. C 05 4505 MHP, 2007 U.S. Dist. LEXIS 48981 (N.D. Cal. July 6, 2007); *Statue of Liberty-Ellis Island Foundation, Inc. v. International United Industries, Inc.*, 110 F.R.D. 395, 397 (S.D.N.Y. 1986). G&A is a small five attorney law firm that does not have the resources to continue representing the Defendants in this case without payment

because the firm would be denied the funds necessary to pay costs of proceeding to trial, paying salaries, rent, insurance, and all other expenses. Preparing for and conducting a trial of this case will impose a very substantial and unfair burden on G&A which cannot afford to continue providing free legal services to LOVESURF, INC. and BRIAN MACDONALD.

The conflict of interest with the Defendants created by the nonpayment will interfere with G&A's proper representation of the Defendants. Instead of focusing only on the best interests of the Defendants, G&A will be necessarily concerned about and distracted by the impact of lost revenue and on its ability to maintain itself as a viable business with obligations to other clients.

There is no apparent prejudice withdrawal may cause to other litigants in this case. There is no apparent harm withdrawal might cause to the administration of justice since no trial has yet been set. For the same reasons, the withdrawal will not delay the resolution of the case.

The Civil Local Rules for the Southern District of California provide that corporations may appear in court only through an attorney. See L.R. 83.3(j). While some courts have relied on this requirement to deny a motion to withdraw as counsel, such outcome would not be in everyone's best interest in this case and the Court can order LOVESURF, INC. to retain other counsel. *Indymac* at \*3.

WHEREFORE, the undersigned counsel respectfully moves the Court to enter an order granting their immediate withdrawal as counsel from this case.

Dated: July 28, 2016                    **GAUNTLETT & ASSOCIATES**

By:_____/s/ James A. Lowe_____
David A. Gauntlett
James A. Lowe
Attorneys for Defendants and Counterclaimants, LOVESURF, INC. and BRIAN MACDONALD