**GAUNTLETT & ASSOCIATES**
David A. Gauntlett (SBN 96399)
info@gauntlettlaw.com
James A. Lowe (SBN 214383)
jal@gauntlettlaw.com
18400 Von Karman, Suite 300
Irvine, California  92612
Telephone:  (949) 553-1010
Facsimile:   (949) 553-2050

Attorneys for Defendants and Counterclaimants,
LOVESURF, INC. and BRIAN MACDONALD

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GINA CHAMPION-CAIN, an individual; LUV SURF, LP, a California limited partnership; ANI COMMERCIAL CA I, LLC, a California limited liability company; ANI COMMERCIAL CA II, LP, a California limited partnership, <br><br>                    Plaintiffs, <br>          vs. <br><br> BRIAN MACDONALD, an individual; LOVESURF, INC., a Delaware corporation, and DOES 1-10, inclusive, <br><br>                    Defendants. | Case No.: **3:14-CV-02540-GPC-BLM** <br><br> Hon. Gonzalo P. Curiel <br><br><br> **DECLARATION OF DAVID A. GAUNTLETT IN SUPPORT OF MOTION OF COUNSEL TO WITHDRAW FROM REPRESENTATION** <br><br> CASE FILED: October 23, 2014 <br><br><br> DATE:         August 26, 2016 <br> TIME:         1:30 p.m. <br> CTRM         2D <br> JUDGE:      Hon. Gonzalo P. Curiel <br><br> TRIAL DATE:      Not Set |
| BRIAN MACDONALD, an individual; LOVESURF, INC., a Delaware corporation, <br>                    Counterclaimants, <br>          vs. <br><br> GINA CHAMPION-CAIN, an individual; LUV SURF, LP, a California limited partnership; ANI COMMERCIAL CA I, LLC, a California limited liability company; ANI COMMERCIAL CA II, LP, a California limited partnership; and ROES 1-50, inclusive, <br><br>                    Counter-Defendants, | |

I, DAVID A. GAUNTLETT declare:

1.     I am an attorney duly licensed to practice law before all courts in the State of California, as well as before the United States District Court for the Southern District of California, and I am principal of the law firm of Gauntlett & Associates, counsel of record for LOVESURF, INC. and BRIAN MACDONALD ("Defendants"),

2.     I know the facts set forth in this declaration to be true and correct based on my personal knowledge and, if called to testify, I could and would testify competently to them.

3.     Along with James A. Lowe of this office I have been counsel of record in this case for LOVESURF, INC. and BRIAN MACDONALD. A conflict of interest has arisen between Defendants and this firm because Defendants have failed to pay fees and expenses for the defense of this case and have indicated no intention to pay them.

4.     On January 14, 2014, Defendants executed a Retainer Agreement providing that Gauntlett & Associates ("G&A") would be retained as counsel in this case as its standard rates that were detailed in the Retainer Agreement. The Retainer Agreement executed by the Defendants required payment of all fees and costs on a monthly basis based on G&A's invoices and to replenish the retainer monthly. The Retainer Agreement also provides that G&A "shall . . . have the option to withdraw from [representation] at any time if . . . the financial obligations [of the agreement] are not met by the Client." In the event of termination of representation the client agreed to "execute a substitution of attorney at [G&A's] request."

5.     Since the Retainer Agreement was executed on January 14, 2014, G&A has provided monthly invoices for its services in this case on or about the first of every month.

6.     Defendants have been repeatedly advised by our office for the replenishment of the retainer and unpaid balance.

7.     Defendants have not replenished the retainer as agreed upon and have not

paid any fees or costs since a small partial payment in February 2016.

8.     Defendants were informed on March 1, April 5, May 1, June 1, and July 1, 2016, that the total outstanding balance due to G&A for defense services in this matter, as of those dates, were well in excess of the initial retainer and that payment was overdue.

9.     Demands have been repeatedly made by G&A to LOVESURF, INC. and BRIAN MACDONALD for payment or at least some suggestion about payment for legal services. But Defendants have not suggested that any payment will be forthcoming at any time. Instead the Defendants have advised G&A that they have no ability or intention to make any payment of fees and costs..

10.     Because LOVESURF, INC. and BRIAN MACDONALD have breached their Retainer Agreement with G&A, because of the substantial amount owed by LOVESURF, INC. and BRIAN MACDONALD to G&A for legal services, and because of LOVESURF, INC. and BRIAN MACDONALD's complete failure to pay for G&A's legal services, G&A has been placed against its will in a significantly adverse position to LOVESURF, INC. and BRIAN MACDONALD creating an actual conflict of interest.

11.     G&A is a small five attorney law firm in Irvine, California that does not have the resources to continue representing the Defendants in this case without payment because the firm would be denied the funds necessary to pay costs of proceeding to trial, paying staff salaries, rent, insurance, and all other expenses.

12.     Preparing for and conducting a trial of this case will impose a very substantial and unfair burden on G&A. G&A cannot afford to continue providing free legal services to LOVESURF, INC. and BRIAN MACDONALD. Because of that and the conflict of interest with the Defendants, G&A will not be able to properly represent the Defendants.

13.     For these reasons G&A should be permitted to withdraw from representation of LOVESURF, INC. and BRIAN MACDONALD in this case.

14.    No trial date has been set in this case.

15.    We have informed LOVESURF, INC. and BRIAN MACDONALD of the presently set dates in this case, including the Final Pretrial Conference on July 29, 2016 and have advised them to obtain new counsel to represent them going forward.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed at Irvine, California on this _____ day of July 2016.

_____

David A. Gauntlett