UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GINA CHAMPION-CAIN, an individual; LUV SURF, LP, a California limited partnership; ANI COMMERCIAL CA I, LLC, a California limited liability company; and ANI COMMERCIAL CA II, LP, a California limited partnership,<br><br>Plaintiffs,<br><br>v.<br><br>BRIAN MACDONALD, an individual; LOVESURF, INC., a Delaware corporation; and DOES 1-10, inclusive,<br><br>Defendants. | Case No.: 14-cv-2540-GPC-BLM<br><br>**ORDER:**<br><br>**VACATING CLERK'S ENTRY OF DEFAULT AS TO LOVESURF, INC. (ECF Nos. 140, 141);**<br><br>**VACATING ORDER ON PLAINTIFFS' MOTION TO STRIKE ANSWER AND DISMISS COUNTERCLAIM OF DEFENDANT LOVESURF, INC. (ECF No. 139); AND**<br><br>**RESETTING HEARING FOR FEBRUARY 17, 2017 AT 1:30 P.M. ON PLAINTIFFS' MOTION TO STRIKE ANSWER AND DISMISS COUNTERCLAIM OF DEFENDANT LOVESURF, INC. (ECF Nos. 132.)** |

**I.    Order on Motion to Strike Answer and Dismiss Counterclaim of Defendant Lovesurf, Inc. (Dkt. No. 139)**

On January 17, 2017, Plaintiffs and Counter-Defendants Gina Champion-Cain,

1

Luv Surf, L.P., ANI Commercial CA I, LLC, and ANI Commercial CA II, L.P.'s (collectively, "Plaintiffs") filed a motion to strike the answer of Defendant Lovesurf, Inc., strike the counterclaim of Defendant Lovesurf, Inc., and enter default as to Defendant Lovesurf, Inc. on the grounds that Lovesurf, Inc. cannot proceed in the instant litigation without counsel. (Dkt. No. 132.) A hearing was scheduled for February 17, 2017 at 1:30 p.m. The Court directed any response to be filed on or by January 27, 2017, and any reply to be filed on or by February 3, 2017. (Dkt. No. 133.)

On January 27, 2017, the Court conducted a status hearing regarding the upcoming trial.[1] (Dkt. No. 139.) Defendant Brian MacDonald failed to appear or otherwise respond. (*Id.*) Based on Mr. MacDonald's failure to respond and appear, and based on Plaintiffs' representations to the Court that Defendant Lovesurf, Inc. had not been represented by counsel since Defendants' counsel of record withdrew on October 14, 2016, (Dkt. Nos. 123, 132), the Court granted Plaintiff's motion prior to the hearing scheduled for February 17, 2017, thereby striking the answer of Defendant Lovesurf, Inc. and dismissing the counterclaim of Defendant Lovesurf, Inc, (Dkt. No. 139). (*Id.*) The Court concluded that Lovesurf, Inc. may not appear in this Court proceeding *pro se*. *See* CivLR 83.3 ("All other parties, including corporations, partnerships and other legal entities, may appear in court only through an attorney permitted to practice pursuant to Civil Local Rule 83.3.").

**II.  Clerk's Entry of Default (Dkt. Nos. 140, 141.)**

In accordance with the above, and pursuant to Federal Rule of Civil Procedure 55(a), the Court directed the Clerk of the Court to enter default as to Defendant Lovesurf, Inc. on January 27, 2017. (Dkt. No. 140.) The Clerk of the Court entered default as to Defendant Lovesurf, Inc. on January 27, 2017. (Dkt. No. 141.)

---

[1] The Court set the January 27, 2017 status hearing on October 14, 2016, with all parties present, including Mr. MacDonald. (Dkt. No. 123.)

### III. Order to Show Cause Hearing

As detailed above, Defendant Brian MacDonald failed to appear at a status hearing on January 27, 2017. (Dkt. No. 139.) On January 27, 2017, the Court ordered Mr. MacDonald to show cause why his individual counterclaim should not be dismissed, and why his individual answer should not be stricken. (Dkt. No. 140.) The Court set a hearing regarding the Order to Show Cause on February 2, 2017 at 9:00 a.m. and directed Mr. MacDonald to appear at this hearing.

On February 2, 2017, the Court conducted the Order to Show Cause hearing. (Dkt. No. 142.) Mr. MacDonald appeared telephonically, and Steven Cologne, Esq. appeared on behalf of Plaintiffs. (*Id.*) At the hearing, Mr. MacDonald advised the Court that he has presently procured counsel, and that he was unaware of the January 27, 2017 status hearing. Mr. MacDonald also represented orally at the hearing that Lovesurf, Inc. has filed a petition for bankruptcy.[2] The Court confirmed the jury trial set for February 21, 2017 at 9:00 a.m.

As of February 2, 2017, and Mr. MacDonald has confirmed, no counsel has yet made an appearance in this Court on Defendants' behalf. As Lovesurf, Inc., a corporation, may not appear in Court without an attorney, Defendants are advised that counsel must enter an appearance according to proper procedure. *See* CivLR 83.3. Defendants are further advised that a Notice of Bankruptcy must be filed according to proper procedure with the Court, and that Defendants must properly serve opposing counsel for Plaintiffs according to the Federal Rules of Civil Procedure and this Court's Civil Local Rules.

In light of Mr. MacDonald's representation that the address on file with the Court is not accurate, the Court directed Mr. MacDonald to file a Notice of Change of Address

---

[2] Plaintiffs' counsel represented at the hearing that Plaintiffs have not received notice of any relevant bankruptcy filings from Defendants.

with the Court according to proper procedure.[3]  The Court reminds Mr. MacDonald that pursuant to Civil Local Rule 83.11,

> *A party proceeding pro se must keep the court and opposing parties advised as to current address.* If mail directed to a pro se plaintiff by the clerk at the plaintiff's last designated address is returned by the Post Office, and if such plaintiff fails to notify the court and opposing parties within 60 days thereafter of the plaintiff's current address, the court may dismiss the action without prejudice for failure to prosecute.

CivLR 83.11(b) (emphasis added).

Pursuant to Federal Rule of Civil Procedure 60(a), the Court **VACATES** the Clerk of the Court's entry of default as to Defendant Lovesurf, Inc. (Dkt. Nos. 140, 141) and **VACATES** the Court's Order granting Plaintiffs' motion to strike Defendant Lovesurf, Inc.'s answer and dismiss Defendant Lovesurf Inc.'s counterclaim (Dkt. No. 139).  The Court **RESETS** the hearing on Plaintiffs' motion to strike Defendant Lovesurf, Inc.'s answer and dismiss Defendant Lovesurf, Inc.'s counterclaim (Dkt. No. 132) on **February 17, 2017 at 1:30 p.m.**

   **IT IS SO ORDERED**.

Dated:  February 2, 2017

                                           Hon. Gonzalo P. Curiel
                                           United States District Judge

cc:
Brian MacDonald
32158 Camino Capistrano #104-501
San Juan Capistrano, CA 92675-3720

---

[3] A courtesy copy of this Order is being mailed to the address that Mr. MacDonald provided orally at the hearing.