UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GINA CHAMPION-CAIN, an individual; LUV SURF, LP, a California limited partnership; ANI COMMERCIAL CA I, LLC, a California limited liability company; and ANI COMMERCIAL CA II, LP, a California limited partnership,<br><br>Plaintiffs,<br><br>v.<br><br>BRIAN MACDONALD, an individual; LOVESURF, INC., a Delaware corporation; and DOES 1-10, inclusive,<br><br>Defendants. | Case No.: 3:14-cv-02540-GPC-BLM<br><br>**ORDER GRANTING DEFENDANT BRIAN MACDONALD'S MOTION TO GRANT ACCESS TO THE COURT'S ELECTRONIC CASE FILING SYSTEM**<br><br>[ECF No. 157.] |

Before the Court is Defendant Brian MacDonald's motion for permission to use the Court's electronic case filing system. (Dkt. No. 157.) Section 2(b) of the Electronic Case Filing Administrative Policies and Procedures Manual permits a *pro se* litigant to file electronically only if authorized by the Court. Good cause appearing, the Court **GRANTS** Defendant Brian MacDonald's motion for permission to use the Case Management/Electronic Case Filing (CM/ECF) system. Mr. MacDonald is ordered to attend CM/ECF classes with the Clerk's Office and is directed to contact the Clerk's

office at (619) 557-5600 to arrange training.  In accordance with section 2(b) of the Court's Electronic Case Filing Administrative Policies and Procedures Manual, Defendant is instructed that he "must register as a user with the Clerk's Office as a subscriber to PACER within five (5) days."[1]

The Court notes that the instant action is currently stayed with respect to Mr. MacDonald on account of his filing of a voluntary petition for bankruptcy in the Central District of California.  (Dkt. No. 151.)  Accordingly, although the Court is granting Mr. MacDonald access to the CM/ECF system, Mr. MacDonald may not file any documents on his own behalf.  Moreover, Mr. MacDonald, who is not an attorney, may not file any documents on behalf of Defendant Lovesurf, Inc.  *See* CivLR 83.3(j).  The Court will not accept or consider any documents improperly filed by Mr. MacDonald on his own behalf, until the bankruptcy stay is lifted.  Nor will the Court accept or consider any documents filed by response by Mr. MacDonald on behalf of Defendant Lovesurf, Inc., absent representation by an attorney permitted to practice in compliance with the procedures mandated by the Civil Local Rules (including, but certainly not limited to, procedures for admission to this Court as governed by CivLR 83.3(c)).  The Court reiterates that in the event Defendant Lovesurf, Inc. retains representation, counsel must enter a formal appearance on the record in accordance with requisite procedures prior to litigating on Defendant Lovesurf, Inc.'s behalf.

**IT IS SO ORDERED.**

Dated:  March 1, 2017

Hon. Gonzalo P. Curiel
United States District Judge

---

[1] Mr. MacDonald notes in his motion that he received an error message in the course of registering for PACER.  (Dkt. No. 157 at 1.)  However, any issues or questions pertaining to PACER and the CM/ECF system should be directed to the Clerk's Office, rather than the Court.

```
cc:
Brian MacDonald
32158 Camino Capistrano #104-501
San Juan Capistrano, CA 92675-3720
```