UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GINA CHAMPION-CAIN, an individual; LUV SURF, LP, a California limited partnership; ANI COMMERCIAL CA I, LLC, a California limited liability company; and ANI COMMERCIAL CA II, LP, a California limited partnership,<br><br>Plaintiffs,<br><br>v.<br><br>BRIAN MACDONALD, an individual; LOVESURF, INC., a Delaware corporation; and DOES 1-10, inclusive,<br><br>Defendants. | Case No.: 3:14-cv-02540-GPC-BLM<br><br>**NOTICE OF TENTATIVE RULING DENYING WITHOUT PREJUDICE PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT AND PERMANENT INJUNCTION AGAINST DEFENDANT LOVESURF, INC.**<br><br>**[ECF No. 154.]** |

Before the Court is Plaintiffs and Counter-Defendants Gina Champion-Cain, Luv Surf, L.P., ANI Commercial CA I, LLC, and ANI Commercial CA II, L.P.'s (collectively, "Plaintiffs'") motion for default judgment against Defendant Lovesurf, Inc. ("Defendant" or "Lovesurf, Inc.") for $332, 272, and (2) a permanent injunction.[1] (Dkt.

---

[1] The instant action is currently stayed with respect to Defendant Brian MacDonald, who is proceeding *pro se*, on account of his filing of a voluntary petition for bankruptcy in the Central District of California. (Dkt. No. 151.)

No. 154.) To date, Defendant Lovesurf, Inc. has not retained counsel in accordance with Civil Local Rule 83.3 or timely filed a response to Plaintiffs' motion.[2] (Dkt. No. 155.) A motion hearing is scheduled for March 24, 2017.

Based on the applicable law, the Court is prepared to **DENY WITHOUT PREJUDICE** Plaintiffs' motion for default judgment and a permanent injunction against Defendant Lovesurf, Inc.

## RELEVANT PROCEDURAL BACKGROUND

Plaintiffs filed the instant action on October 23, 2014. (Dkt. No. 1.) Defendants Brian MacDonald and Lovesurf, Inc., while represented by counsel, filed an Amended Answer and Counterclaim on September 10, 2015. (Dkt. No. 64.) Plaintiffs filed an Amended Answer to the Counterclaim on September 21, 2015. (Dkt. No. 66.)

On July 29, 2016, defense counsel filed a motion to withdraw from representation of Defendants on the basis that Defendants had failed to pay any fees or expenses for five months, and had indicated no intention or ability to pay anything in the future. (Dkt. No. 86.) The Court conducted multiple hearings regarding defense counsel's withdrawal. (Dkt. Nos. 104, 111, 123.) Because trial was set for October 17, 2016, (Dkt. No. 91), the Court conditioned defense counsel's withdrawal on filing motions *in limine* for Defendants and/or responding to Plaintiffs' motions *in limine*, (Dkt. No. 111.) After defense counsel duly complied, (Dkt. Nos. 120, 121), the Court granted defense counsel's motion to withdraw from representation of Defendants on October 14, 2016, (Dkt. No. 123). The Court then vacated the trial date and reset it to February 21, 2017. (*Id.*)

Subsequently, the Court confirmed at multiple hearings that Defendant Lovesurf, Inc. was still unrepresented. (Dkt. Nos. 128, 142, 148.) The Court stated in its Order

---

[2] No attorney has entered an appearance on behalf of Defendant Lovesurf, Inc. on the record. The Court made clear in its February 27, 2017 Order that Defendant Lovesurf, Inc. may respond to Plaintiff's motion on or by March 13, 2017, and may appear at the motion hearing if, and only if, it retained counsel permitted to practice in compliance with the procedures mandated by the Civil Local Rules. (Dkt. No. 155.) The Court repeated its admonition in its March 1, 2017 Order granting Defendant Brian MacDonald access to the Court's electronic case filing ("CM/ECF") system. (Dkt. No. 158.)

denying Plaintiffs' renewed motion for preliminary injunction:

> Civil Local Rule 83.3(j) provides that corporations "may appear in court only through an attorney permitted to practice pursuant to Civil Local Rule 83.3." Defendant Lovesurf, Inc. presently does not have counsel and may not appear in court absent representation. Because the Court denies Plaintiffs' renewed motion for a preliminary injunction on the merits, the Court does not address at this time Defendant Lovesurf, Inc.'s failure to procure counsel. The Court reiterates its admonition to Defendant Lovesurf, Inc. that it may become subject to default should it fail to retain counsel.

(Dkt. No. 131 at 2 n.1.)

On January 17, 2017, Plaintiff moved to strike Defendant Lovesurf, Inc.'s Amended Answer, dismiss its Counterclaim, and enter default as to Defendant Lovesurf, Inc. (Dkt. No. 132.) At a status hearing on January 27, 2017, at which Defendant Brian MacDonald failed to appear, the Court granted Plaintiffs' motion and directed the Clerk of the Court to enter default as to Defendant Lovesurf, Inc. (Dkt. Nos. 139, 140, 141.)

Subsequently, the Court conducted an Order to Show Cause hearing regarding Defendant Brian MacDonald's failure to appear at the January 27, 2017 status hearing. (Dkt. No. 142.) At the hearing, Defendant Brian MacDonald orally represented to the Court that he had secured representation for Defendants, and that Defendant Lovesurf, Inc. had filed a petition for bankruptcy in the Central District of California.[3] (Dkt. No. 143.) The Court ascertained that it had prematurely granted Plaintiffs' motion to strike on January 27, 2017, prior to the scheduled motion hearing date on February 17, 2017. (Dkt. Nos. 133, 139, 140.) Pursuant to Federal Rule of Civil Procedure 60(a), the Court accordingly vacated the Clerk's entry of default as to Lovesurf, Inc. and vacated its Order striking Defendant Lovesurf, Inc.'s Amended Answer and dismissing its Counterclaim. (Dkt. Nos. 142, 143.) The Court reinstated the February 17, 2017 hearing regarding

---

[3] The Court directed Defendants to file a proper notice of bankruptcy and a notice of change of address with the Court. (*Id.*) Neither was filed.

Plaintiffs' motion to strike, deferring ruling on the motion until Defendants had an opportunity to appear and respond. (*Id.*)

On February 16, 2017, a day prior to the scheduled motion hearing on February 17, 2017, Plaintiffs notified the Court that the United States Bankruptcy Court for the Central District of California had dismissed Defendant Lovesurf, Inc.'s case (Case No. 8:17-bk-10394-CB) for failure to file requisite documents and vacated the automatic stay as to Defendant Lovesurf, Inc. (Dkt. No. 147.)

On February 17, 2017, the Court conducted a hearing on Plaintiffs' motion to strike and confirmed with Defendant Brian MacDonald that Defendant Lovesurf, Inc. is still unrepresented by counsel. (Dkt. Nos. 148, 149.) Because corporations may not appear in this Court without an attorney, *see* CivLR 83.3, the Court granted Plaintiffs' motion to strike Defendant Lovesurf, Inc.'s Amended Answer and dismiss its Counterclaim, and directed the Clerk of the Court to enter default as to Defendant Lovesurf, Inc. (*Id.*) Default was accordingly entered as to Defendant Lovesurf, Inc. (Dkt. No. 150.)

Defendant Brian MacDonald also informed the Court that he had filed a voluntary petition for bankruptcy in the Central District of California that same day. (Dkt. No. 151.) Accordingly, the jury trial set for February 21, 2017 was vacated, (Dkt. No. 148), and the instant case is currently stayed with respect to Defendant Brian MacDonald.

At the hearing, Plaintiffs requested that the Court conduct a default "prove-up" hearing in lieu of trial. The Court tentatively set a default "prove-up" hearing on February 22, 2017, but directed the parties to file briefing regarding the propriety of conducting a default "prove-up" hearing. (Dkt. No. 148.) After reviewing Plaintiffs' brief and the applicable law, the Court vacated the default "prove-up" hearing set for February 22, 2017 and directed Plaintiffs to file a formal motion for default judgment, in order to comply with the notice requirements under Federal Rule of Civil Procedure 55(b). (Dkt. No. 153.)

Subsequently, on February 24, 2017, Plaintiffs filed a motion for default judgment

pursuant to Federal Rule of Civil Procedure 55(b) against Defendant Lovesurf, Inc., seeking $332,272 in damages and a permanent injunction. (Dkt. No. 154.) A hearing is scheduled for March 24, 2017.

## FACTUAL BACKGROUND

The Court has previously recited the operative facts of this case at length and will not repeat them here. (*See, e.g.*, Dkt. Nos. 55 (Order Denying Plaintiffs' Motion for Preliminary Injunction), 83 (Order Denying Plaintiffs'-Counterdefendants' Joint Motion for Partial Summary Judgment), 131 (Order Denying Plaintiffs' Renewed Motion for Preliminary Injunction).) Because the Court granted Plaintiffs' motion to strike the Amended Answer and dismiss the Counterclaim of Defendant Lovesurf, Inc., all allegations in the Amended Answer and Counterclaim are now attributable solely to Defendant Brian MacDonald.[4]

## LEGAL STANDARD

Federal Rule of Civil Procedure 55 provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend . . . the clerk must enter the party's default." Fed. R. Civ. P. 55(a). After default is properly entered, a party seeking relief other than a sum certain must apply to the Court for a default judgment. Fed. R. Civ. P. 55(b).

The Ninth Circuit has articulated seven factors which courts may consider determining whether entry of a default judgment is appropriate. *See Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986). These factors are:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

---

[4] Defendants Brian MacDonald and Lovesurf, Inc. answered Plaintiff's Complaint and asserted a Counterclaim collectively. (Dkt. No. 64 at 2.)

*Id.* Upon default, the factual allegations in the complaint are taken as true, except those related to the amount of damages. *See Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977); Fed. R. Civ. P. 8(b)(6). Allegations of damages must be proven. *See Geddes*, 559 F.2d at 560. The decision to grant or deny default judgment is within the discretion of the district court. *Eitel*, 782 F.2d at 1471.

However, "where a complaint alleges that defendants are jointly liable and one of them defaults, judgment should not be entered against the defaulting defendant until the matter has been adjudicated with regard to all defendants." *In re First T.D. & Inv., Inc.*, 253 F.3d 520, 532 (9th Cir. 2001) (citing *Frow v. De La Vega*, 82 U.S. 552, 554 (1872)). The Ninth Circuit has expressly

> extended the rule beyond jointly liable co-defendants to those that are "similarly situated," such that the case against each rests on the same legal theory; it would be "incongruous and unfair" to allow a plaintiff to prevail against defaulting defendants on a legal theory rejected by a court with regard to an answering defendant "in the same action."

*Garamendi v. Henin*, 683 F.3d 1069, 1082–83 (9th Cir. 2012) (quoting *In re First T.D.*, 253 F.3d at 532–33). A district court's entry of inconsistent judgments amounts to an abuse of discretion. *See In re First T.D.*, 253 F.3d at 532–33.

## DISCUSSION

As the parties acknowledge, the crux of the instant action is the question of "first use": Who first used the trademarks at issue? (*See, e.g.*, Dkt. No. 90 at 2–3 ("The jury's primary task will be to answer the following question: Which party was the first to use the trademarks in commerce?").)

To prevail on a Lanham Act trademark claim, a plaintiff "must prove: (1) that it has a protectible ownership interest in the mark; and (2) that the defendant's use of the mark is likely to cause consumer confusion."[5] *Rearden LLC v. Rearden Commerce, Inc.*,

---

[5] The parties have stipulated that the Luv Surf marks and the Lovesurf marks are confusingly similar to the public and cannot coexist. (*See* Dkt. No. 115.)

683 F.3d 1190, 1202 (9th Cir. 2012) (internal citation and quotation marks omitted).  "It is axiomatic in trademark law that the standard test of ownership is priority of use . . . [T]he party claiming ownership must have been the first to actually use the mark in the sale of goods or services."  *Sengoku Works Ltd. v. RMC Int'l, Ltd.*, 96 F.3d 1217, 1219 (9th Cir.), *as modified*, 97 F.3d 1460 (9th Cir. 1996).  Federal registration of a trademark is *prima facie* evidence that the registrant is the owner of the mark.  15 U.S.C. § 1115(a). "[T]he registrant is granted a presumption of ownership, dating to the filing date of the application for federal registration, and the challenger must overcome this presumption by a preponderance of the evidence."  *Sengoku*, 96 F.3d at 1219.  However, this presumption is rebuttable.  "[T]he nonregistrant can rebut this presumption by showing that the registrant had not established valid ownership rights in the mark at the time of registration—in other words, if the nonregistrant can show that he used the mark in commerce first, then the registration may be invalidated."  *Id.* at 1120.  Accordingly, "a party pursuing a trademark claim must meet a threshold 'use in commerce' requirement." *Rearden*, 683 F.3d at 1203.

Here, Plaintiffs trace their first use of the Luv Surf marks to August 2011, (Dkt. No. 1, Compl. ¶ 20), while Defendant Brian MacDonald traces his first use of the Lovesurf marks to July 2010, (Dkt. No. 64, Countercl. ¶ 16.)[6]  Both parties assert claims for trademark infringement.  (*See* Dkt. Nos. 1, 64.)  Plaintiffs have contended throughout the course of this litigation that the "facts tell a different story" than Defendant Brian MacDonald's allegations of first use.  (*See* Dkt. No. 134 at 5–7, 10–11.)  This central question of fact is for the jury to decide, however—Defendant Brian MacDonald, although his case is currently stayed, invoked his right to a jury trial.  (Dkt. No. 64 at 21.) If a jury finds that Plaintiffs first used the disputed trademarks, then both Defendants are

---

[6] The Court additionally notes that Plaintiffs allege that Defendants Brian MacDonald and Lovesurf, Inc. are alter egos, (Dkt. No. 1, Compl. ¶¶ 9–12), and have accordingly treated the Defendants as indistinguishable for purposes of this litigation.

liable to Plaintiffs for trademark infringement. However, if the jury resolves the factual question of "first use" in Defendant Brian MacDonald's favor, despite Plaintiffs' view that such a verdict is improbable, then Plaintiffs' trademark registration may be invalidated, as Plaintiffs would be unable to meet the threshold "use in commerce" requirement. *See Rearden*, 683 F.3d at 1203. And if Plaintiffs' trademark registration were invalidated, it simply cannot follow that Defendant Lovesurf, Inc. would still be liable to Plaintiffs for trademark infringement. Accordingly, the Court cannot enter a default judgment against Defendant Lovesurf, Inc. at this juncture without engendering the risk of inconsistent judgments between Defendants Brian MacDonald and Lovesurf, Inc.

The Court recognizes that Federal Rule of Civil Procedure 54(b) allows courts to enter final judgment as to one of multiple codefendants. Fed. R. Civ. P. 54(b) ("[W]hen multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay."). Courts have reconciled Rule 54(b) with *Frow* and its progeny by stating that "*Frow*'s applicability turns not on labels such as 'joint liability' or 'joint and several liability,' but rather on the key question of whether under the theory of the complaint, liability of all the defendants must be uniform." *See, e.g.*, *Shanghai Automation Instrument Co. v. Kuei*, 194 F. Supp. 2d 995, 1008 (N.D. Cal. 2001); *In re Uranium Antitrust Litig.*, 617 F.2d 1248, 1257–58 (7th Cir. 1980) ("[W]hen different results as to different parties are not logically inconsistent or contradictory, the rationale for the *Frow* rule is lacking"). Here, the Court concludes that *Frow*, as interpreted and extended by the Ninth Circuit, applies to the instant situation. Under Plaintiffs' and Defendant Brian MacDonald's theory of trademark infringement, the liability of all the defendants must necessarily be uniform—the question of "first use" is a threshold issue dispositive of the parties' dispute. *See United States Small Bus. Admin. v. Rocket Ventures II, L.P.*, No. C 10-04425 JSW, 2013 WL 4835371, at *15 (N.D. Cal. Sept. 10, 2013) (denying without prejudice plaintiffs' motions for default judgment due to the risk

of inconsistent judgments between the defaulting and non-defaulting codefendants).  To hold otherwise at this stage would entail the risk of inconsistent and contradictory judgments between Defendants Brian MacDonald and Lovesurf, Inc.

## CONCLUSION

Based on the foregoing, the Court is prepared to **DENY WITHOUT PREJUDICE** Plaintiffs' motion for default judgment and a permanent injunction against Defendant Lovesurf, Inc.  Should the question of "first use" be resolved in Plaintiffs' favor, Plaintiff may reassert its motion for default judgment and a permanent injunction against Defendant Lovesurf, Inc. at the conclusion of the case on the merits.

**IT IS SO ORDERED**.

Dated:  March 20, 2017

Hon. Gonzalo P. Curiel
United States District Judge

cc:
Brian MacDonald
32158 Camino Capistrano #104-501
San Juan Capistrano, CA 92675-3720