1
2
3
4
5
6
7

8                **UNITED STATES DISTRICT COURT**

9                **SOUTHERN DISTRICT OF CALIFORNIA**

10   GINA CHAMPION-CAIN, an                CASE NO. 14-CV-02540-GPC-BLM
     individual; LUV SURF, LP, a
11   California limited partnership; ANI   **ORDER GRANTING PLAINTIFFS'**
     COMMERCIAL CA I, LLC, a               **MOTION FOR PRELIMINARY**
12   California limited liability company;  **INJUNCTION**
     ANI COMMERCIAL CA II, LP, a
13   California limited partnership,

14                        Plaintiff,

15   v.

16   BRIAN MACDONALD, an
     individual; LOVESURF, INC., a
17   Delaware corporation, and DOES 1-
     10, inclusive,
18
                         Defendants.
19

20

21        Having considered Plaintiffs' GINA CHAMPION-CAIN, LUV SURF, LP,

22   ANI COMMERCIAL CA I, LLC, and ANI COMMERCIAL CA II, LP

23   (collectively, "Plaintiffs") motion for a preliminary injunction against Defendant

24   LOVESURF, INC. ("Defendant"), the evidence submitted, and all of the relevant

25   papers and pleadings on file with the Court in this matter,

26        **IT IS HEREBY ORDERED that**:

27        1.    Plaintiffs' motion for a preliminary injunction is **GRANTED.**

28

**THE COURT FINDS that:**

2.      For the reasons set out in the Court's order granting plaintiff's request for preliminary injunction, the Court finds that plaintiffs have shown a likelihood of success on the merits.  (Dkt No. 167 at 12-16.)

3.      Plaintiffs suffered, and continue to suffer, imminent irreparable injury as a result of Defendant's misconduct.  Such irreparable injury includes: (*a*) the loss of Plaintiff's customers and clients, including Nordstrom, Inc., Urban Outfitters, Inc., Tilly's, Inc. and Backcountry.com; (*b*) damage to Plaintiffs' business goodwill and reputation, as evidenced by Defendant publishing false statements asserting that Plaintiffs misappropriated trade secrets and are infringing on its trademarks, and (*c*) Plaintiffs are unlikely to recover on any monetary judgment entered against Defendant.    (Dkt No. 167 at 16-18.)

4.      Legal remedies are not adequate in this instance because Defendant is currently operating under the tradename "Lovesurf" and is still selling products that display logos that infringe on Plaintiffs' Luv Surf Marks.  A preliminary injunction is necessary to prevent further injury to Plaintiffs and to ensure Defendant does not continue infringing on the Luv Surf Marks.  That Defendant cannot satisfy a monetary judgment further establishes that injunctive relief is appropriate.  (Dkt No. 167 at 17-18.)

5.      The balance of equities warrants issuing an injunction because Plaintiffs will continue to be injured (lost profits, further damage to reputation and goodwill) if Defendant is permitted to continue infringing on Plaintiffs and the Luv Surf Marks.  No weight is given to the fact that Defendant will have to operate under a new tradename or create / market products displaying new logos.  (Dkt. No. 167 at 18.)

6.      Issuing a preliminary injunction is in the public's best interest as an injunction is necessary to prevent further confusion and deception in the marketplace.  Plaintiffs enjoy superior ownership of the Luv Surf Marks and are

entitled to sell their products without competing against products which create a likelihood of confusion amongst consumers by displaying Defendant's similar, infringing Lovesurf Marks.  (Dkt. No. 167 at 19.)

**IT IS THEREFORE ORDERED that:**

7.     Pursuant to 16 U.S.C. § 1116 and Federal Rule of Civil Procedure 65, Defendant and its officers, agents, servants, employees, attorneys, owners and representatives, and all other persons, firms or entities in active concert or participation with Defendant (the "Restrained Parties") shall be, and hereby are, pending a final determination or further order of the court, enjoined from:

   a.     Using any trademark, name, or logo which includes the terms "LOVE" or "LUV" and the term "SURF" (or any related name variations or images depicting same; for example, a heart design along with the term "SURF" or the term "LOVE" with a big wave logo) in connection with any goods or services falling within any International Classification of Goods and Services in which Plaintiffs are using their trademarks or have registrations / applications pending, including, but not limited to the following list: IC 009, IC 014, IC 018, IC 024, IC025, IC 028, IC 035, IC 036 and IC 039;

   b.     Using any domain name or social media account that includes the terms "LOVE" or "LUV" and the term "SURF".

   c.     Operating under the tradename "Lovesurf."

   d.     The Restrained Parties are not enjoined from using the stylized heart logo as depicted in and covered by Registration No. 4,708,675, registered March 24, 2015 (a standalone heart logo without any word mark).

8.     No later than ten (10) days from the date of this Order, Defendant shall, at its own expense, give actual notice of this Order to its officers, agents, servants, employees, attorneys, resellers, owners and representatives, and all other

persons, firms or entities in active cooperation or participation with Defendant.

9.    No later than twenty (20) days from the date of this Order, Defendant shall file with the Court and serve upon Plaintiffs proof of compliance with Paragraph 7 of the Order.

**IT IS FURTHER ORDERED that:**

10.    The Court shall retain jurisdiction over this action to the extent necessary to enforce and interpret this order.

**IT IS SO ORDERED.**

Dated:  September 15, 2017

Hon. Gonzalo P. Curiel
United States District Judge

cc:
Brian MacDonald
32158 Camino Capistrano #104-501
San Juan Capistrano, CA 92675-3720