UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

GINA CHAMPION-CAIN, an individual; LUV SURF, LP, a California limited partnership; ANI COMMERCIAL CA I, LLC, a California limited liability company; and ANI COMMERCIAL CA II, LP, a California limited partnership,

Plaintiffs,

v.

BRIAN MACDONALD, an individual; LOVESURF, INC., a Delaware corporation; and DOES 1-10, inclusive,

Defendants.

Case No.: 3:14-cv-02540-GPC-BLM

**ORDER:**

**(1) GRANTING PLAINTIFFS' REQUEST TO DISMISS DEFENDANT BRIAN MACDONALD**

**(2) GRANTING PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT**

**(3) GRANTING PLAINTIFFS' REQUEST FOR PERMANENT INJUNCTION**

**[DKT NO. 175]**

Before the Court is Plaintiffs and Counter-Defendants Gina Champion-Cain, Luv Surf, L.P., ANI Commercial CA I, LLC, and ANI Commercial CA II, L.P.'s (collectively, "Plaintiffs'") motion requesting (1) an order dismissing Defendant Brian

MacDonald; (2) default judgment against Defendant Lovesurf, Inc.; and (3) a permanent injunction against Defendant Lovesurf, Inc. Dkt. No. 175. To date, Defendant Lovesurf, Inc. has not retained counsel in accordance with Civil Local Rule 83.3 or timely filed a response to Plaintiffs' motion.[1] Dkt. No. 155.

Based on the applicable law, the Court will (1) **GRANT** Plaintiffs' request to dismiss Defendant Brian MacDonald; (2) **GRANT** Plaintiffs' Motion for Default Judgment against Defendant Lovesurf, Inc.; and (3) **ISSUE** a permanent injunction against Defendant Lovesurf, Inc.

## I. RELEVANT PROCEDURAL BACKGROUND

Plaintiffs filed the instant action on October 23, 2014. Dkt. No. 1. Defendants Brian MacDonald and Lovesurf, Inc., while represented by counsel, filed an Amended Answer and Counterclaim on September 10, 2015. Dkt. No. 64. Plaintiffs filed an Amended Answer to the Counterclaim on September 21, 2015. Dkt. No. 66.

On July 29, 2016, defense counsel filed a motion to withdraw from representation of Defendants on the basis that Defendants had failed to pay any fees or expenses for five months, and had indicated no intention or ability to pay anything in the future. Dkt. No. 86. The Court conducted multiple hearings regarding defense counsel's withdrawal. Dkt. Nos. 104, 111, 123. Because trial was set for October 17, 2016, Dkt. No. 91, the Court conditioned defense counsel's withdrawal on filing motions *in limine* for Defendants and/or responding to Plaintiffs' motions *in limine*, Dkt. No. 111. After defense counsel duly complied, Dkt. Nos. 120, 121, the Court granted defense counsel's motion to withdraw from representation of Defendants on October 14, 2016, Dkt. No.

---

[1] No attorney has entered an appearance on behalf of Defendant Lovesurf, Inc. on the record. The Court made clear in its February 27, 2017 Order that Defendant Lovesurf, Inc. may respond to Plaintiffs' motion on or by March 13, 2017, and may appear at the motion hearing if, and only if, it retained counsel permitted to practice in compliance with the procedures mandated by the Civil Local Rules. (Dkt. No. 155.) The Court repeated its admonition in its March 1, 2017 Order granting Defendant Brian MacDonald access to the Court's electronic case filing ("CM/ECF") system. Dkt. No. 158.

123. The Court then vacated the trial date and reset it to February 21, 2017. *Id.*

Subsequently, the Court confirmed at multiple hearings that Defendant Lovesurf, Inc. was still unrepresented. Dkt. Nos. 128, 142, 148. The Court specifically stated in its Order denying Plaintiffs' renewed motion for preliminary injunction:

> Civil Local Rule 83.3(j) provides that corporations "may appear in court only through an attorney permitted to practice pursuant to Civil Local Rule 83.3." Defendant Lovesurf, Inc. presently does not have counsel and may not appear in court absent representation. Because the Court denies Plaintiffs' renewed motion for a preliminary injunction on the merits, the Court does not address at this time Defendant Lovesurf, Inc.'s failure to procure counsel. The Court reiterates its admonition to Defendant Lovesurf, Inc. that it may become subject to default should it fail to retain counsel.

Dkt. No. 131 at 2 n.1.

On January 17, 2017, Plaintiff moved to strike Defendant Lovesurf, Inc.'s Amended Answer, dismiss its Counterclaim, and enter default as to Defendant Lovesurf, Inc. Dkt. No. 132. At a status hearing on January 27, 2017, at which Defendant Brian MacDonald failed to appear, the Court granted Plaintiffs' motion and directed the Clerk of the Court to enter default as to Defendant Lovesurf, Inc. Dkt. Nos. 139, 140, 141.

Subsequently, the Court conducted an Order to Show Cause hearing regarding MacDonald's failure to appear at the January 27, 2017 status hearing. Dkt. No. 142. At the hearing, MacDonald orally represented to the Court that he had secured representation for Defendants, and that Defendant Lovesurf, Inc. had filed a petition for bankruptcy in the Central District of California.[2] Dkt. No. 143. The Court ascertained that it had prematurely granted Plaintiffs' motion to strike on January 27, 2017, prior to the scheduled motion hearing date on February 17, 2017. Dkt. Nos. 133, 139, 140. Pursuant to Federal Rule of Civil Procedure 60(a), the Court accordingly vacated the Clerk's entry of default as to Lovesurf, Inc. and vacated its Order striking Defendant

---

[2] The Court directed Defendants to file a proper notice of bankruptcy and a notice of change of address with the Court. (*Id.*) Neither was filed.

Lovesurf, Inc.'s Amended Answer and dismissing its Counterclaim. Dkt. Nos. 142, 143. The Court reinstated the February 17, 2017 hearing regarding Plaintiffs' motion to strike, deferring ruling on the motion until Defendants had an opportunity to appear and respond. *Id.*

On February 16, 2017, a day prior to the scheduled motion hearing on February 17, 2017, Plaintiffs notified the Court that the United States Bankruptcy Court for the Central District of California had dismissed Defendant Lovesurf, Inc.'s case (Case No. 8:17-bk-10394-CB) for failure to file requisite documents and vacated the automatic stay as to Defendant Lovesurf, Inc. Dkt. No. 147.

On February 17, 2017, the Court conducted a hearing on Plaintiffs' motion to strike and confirmed with MacDonald that Defendant Lovesurf, Inc., despite MacDonald's earlier statement, was still unrepresented by counsel. Dkt. Nos. 148, 149. Because corporations may not appear in this Court without an attorney, *see* CivLR 83.3, the Court granted Plaintiffs' motion to strike Defendant Lovesurf, Inc.'s Amended Answer and dismiss its Counterclaim, and directed the Clerk of the Court to enter default as to Defendant Lovesurf, Inc. *Id.* Default was accordingly entered as to Defendant Lovesurf, Inc. Dkt. No. 150.

MacDonald also informed the Court that he had filed a voluntary petition for bankruptcy in the Central District of California that same day. Dkt. No. 151. Accordingly, the jury trial set for February 21, 2017, one business day after the hearing, was vacated, Dkt. No. 148, and the instant case was stayed with respect to Defendant Brian MacDonald.

At the hearing, Plaintiffs requested that the Court conduct a default "prove-up" hearing in lieu of trial. The Court tentatively set a default "prove-up" hearing on February 22, 2017, but directed the parties to file briefing regarding the propriety of conducting a default "prove-up" hearing. Dkt. No. 148. After reviewing Plaintiffs' brief and the applicable law, the Court vacated the default "prove-up" hearing set for February 22, 2017 and directed Plaintiffs to file a formal motion for default judgment, in order to

comply with the notice requirements under Federal Rule of Civil Procedure 55(b). Dkt. No. 153.

Subsequently, on February 24, 2017, Plaintiffs filed a motion for default judgment pursuant to Federal Rule of Civil Procedure 55(b) against Defendant Lovesurf, Inc., seeking $332,272 in damages and a permanent injunction. Dkt. No. 154. The Court issued a tentative ruling denying without prejudice Plaintiffs' motion, Dkt. No. 160, and conducted a hearing on March 24, 2017, Dkt. No. 160. At the hearing, the Court directed Plaintiffs to provide supplemental briefing in response to the Court's tentative ruling and regarding the possibility of preliminary injunctive relief. *Id.* Plaintiffs filed a supplemental brief on March 31, 2017. Dkt. No. 162. Plaintiffs clarified that they no longer sought damages at this time, then sought a permanent injunction or a preliminary injunction in the alternative against Lovesurf, Inc. *Id.*

On July 14, 2017, Karen Sue Naylor, the Bankruptcy Trustee for the Estate of Brian MacDonald, and Plaintiffs jointly moved the Court to dismiss MacDonald's individual counterclaims for infringement of registered trademark and trademark infringement with prejudice, pursuant to Federal Rule of Civil Procedure 41(a)(1). Dkt. No. 164. In light of the fact that Plaintiffs had entered into a settlement agreement with the Trustee for the Trustee to sell the counter-claims to Plaintiffs, the Court granted the joint motion to dismiss on July 25, 2017. Dkt. No. 165. On July 28, 2017, Plaintiffs filed a supplemental brief regarding new facts in support of plaintiffs' motion for default judgment and permanent or preliminary injunction. Dkt. No. 166. Plaintiffs asserted that the dismissal of Macdonald's Counter-Claims meant that there were no causes of action pending against Plaintiffs and argued that that there was no risk of inconsistent judgment if Plaintiffs' motion for default judgment/permanent injunction was granted. *Id.* at 3.

On September 15, 2017, this Court denied without prejudice Plaintiffs' motion for default judgment and a permanent injunction. Dkt. No. 167. The Court reasoned that the liability of all defendants must necessarily be uniform and that to hold otherwise would entail the risk of inconsistent and contradictory judgments between Defendants Brian

MacDonald and Lovesurf, Inc. Dkt. No. 167. However, the Court also entered a preliminary injunction against Lovesurf, Inc., pending resolution of the entire case on the merits. Dkt. No. 168.

On May 31, 2018, this Court set an in-person status hearing for June 15, 2018. Dkt. No. 172. On June 7, 2018, the Court received an email from Brian MacDonald through its chambers e-file where Mr. MacDonald asserted that he would be out of town on Friday, June 15th, would not be able to attend the hearing and requested a "copy of the minutes after the hearing so [he] could respond accordingly." Dkt. No. 172. As a result, the Court set a telephonic conference for June 15, 2018 at 1:30 PM. On June 15, 2018, the Court held telephonic proceedings where Brian Macdonald did not appear. Dkt. No. 173. On June 19, 2018, Plaintiffs filed the instant motion. Dkt. No. 175. The Court issued a briefing schedule setting a deadline for response on July 5, 2018. Dkt. No. 176. No response was filed by either Brian MacDonald or Lovesurf, Inc. by that deadline. Plaintiffs filed a reply alerting the Court to Defendants' non-opposition on July 11, 2018. Dkt. No. 178.

## II. FACTUAL BACKGROUND

This case involves trademark infringement issues between two competing businesses in the beachwear and surfing industries with similar phonetic names—"Luv Surf" (Plaintiffs) and "Lovesurf" (Defendant Lovesurf, Inc.). The Court has previously recited the operative facts of this case at length and will not repeat them here. *See, e.g.*, Dkt. Nos. 55 (Order Denying Plaintiffs' Motion for Preliminary Injunction), 83 (Order Denying Plaintiffs'-Counterdefendants' Joint Motion for Partial Summary Judgment), 131 (Order Denying Plaintiffs' Renewed Motion for Preliminary Injunction).)

## III. DISMISSAL OF DEFENDANT BRIAN MACDONALD

In his bankruptcy action (Case No. 17-bk-10585-CB), Brian MacDonald disclosed

that Plaintiffs were creditors of his estate. *See* Dkt. No. 175-4, RJN, Ex. A, at 16.[3] On June 5, 2017, an order of discharge was entered in the bankruptcy action. Dkt. No. 175-5, RJN, Ex. B. Plaintiffs filed a proof of claim in the amount of $332,272 to recover damages from his estate. Dkt. No. 175-6, RJN, Ex. C. The bankruptcy action formally concluded on May 7, 2018. *See* Dkt. No. 78, Case No. 17-bk-10585 (C.D. Cal. 2017). Plaintiffs were allowed a claim of $332,272.00, but were paid $0.00. Dkt. No. 77, Case No. 17-bk-10585 (C.D. Cal. 2017).

Under the bankruptcy code, "[a] discharge in a case . . . operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived." 11 U.S.C. § 524. The discharge injunction is permanent, survives the bankruptcy case, and applies forever with respect to every debt that is discharged. *In re Henry*, 266 B.R. 457, 473 (C.D. Cal. 2001). Accordingly, Plaintiffs cannot pursue any claim against Mr. MacDonald individually because of the discharge order. *See O'Loghlin v. County of Orange*, 229 F.3d 871, 875 (9th Cir. 2000) (affirming the district court's dismissal of claims based on conduct that occurred before defendant's bankruptcy proceeding and discharge of claims); *Johnson v. Johnson*, No. 1:15-CV-01793 MJS, 2016 WL 5235047, at *8 (E.D. Cal. Sept. 21, 2016) ("Plaintiff may not pursue any claims for damages against Defendant arising from pre-bankruptcy discharge conduct."); *Lake v. Delta Air Lines, Inc.*, No. SACV 10-1775 DOC EX, 2011 WL 3102486, at *4 (C.D. Cal. July 22, 2011).

Furthermore, because Plaintiffs' purchased Mr. MacDonald's counter-claims from the bankruptcy trustee—which resulted in the dismissal of the counter-claims—Mr.

---

[3] The Court will take judicial notice of these documents filed in the public record under Federal Rule of Evid. 201(b). *See Perkins v. LinkedIn Corporation*, 53 F. Supp. 3d 1190, 1204 (N.D. Cal. 2014) ("court documents already in the public record and documents filed in other courts" are proper subjects of judicial notice); *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n. 6 (9th Cir.2006) (taking judicial notice of pleadings, memoranda, and other court filings).

MacDonald also cannot pursue those claims. Given this posture, the Court will grant Plaintiffs' request to **DISMISS** Mr. MacDonald from this litigation.[4]

## IV. Motion for Default Judgment

The Court previously denied Plaintiffs' prior motion for default judgment and a permanent injunction because of the risk of inconsistent judgments. At the time the Court was considering the prior motion, a risk of inconsistent judgments between Defendant Lovesurf, Inc.—the subject of the default judgment motion—and Defendant MacDonald existed because the Court would have needed to resolve the question of first use in trademark law, thereby creating a risk of inconsistent judgments between Lovesurf and MacDonald. *See* Dkt. No. 167 at 9-10 ("Accordingly, the Court cannot enter a default judgment against Defendant Lovesurf, Inc. at this juncture without engendering the risk of inconsistent judgments between Defendants Brian MacDonald and Lovesurf, Inc."). The Court also denied a permanent injunction based on the same reasoning. *Id.* at 10. The Court has now dismissed Defendant Brian MacDonald—therefore no risk of inconsistent judgment between Brian MacDonald and Lovesurf, Inc. currently exists and a *Frow*[5] issue no longer applies.

Federal Rule of Civil Procedure 55 provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend . . . the clerk must enter the party's default." Fed. R. Civ. P. 55(a). After default is properly entered, a party seeking relief other than a sum certain must apply to the Court for a

---

[4] Plaintiffs request that any dismissal reflect that Mr. MacDonald is not entitled to recover costs associated with this litigation. Plaintiffs have not adequately briefed this issue and the Court will decline to entertain this assertion at this stage.

[5] In *Frow v. De La Vega*, 82 U.S. 552 (1872), the Supreme Court held that under certain circumstances, the court should not enter a default judgment against one or more defendants which is, or likely to be, inconsistent with judgment on the merits in favor of the remaining answering defendants. Under the *Frow* rule, it is an abuse of discretion to enter a default judgment against some but not all defendants prior to adjudication of the claims against answering defendants. *See Shanghai Automation Instrument Co., Ltd. v. Kuei*, 194 F. Supp. 2d. 995, 1009 (N.D. Cal. 2001).

default judgment. Fed. R. Civ. P. 55(b). The Ninth Circuit has articulated seven factors which courts may consider determining whether entry of a default judgment is appropriate. *See Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986). These factors are:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Id*. Upon default, the factual allegations in the complaint are taken as true, except those related to the amount of damages. *See Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977); Fed. R. Civ. P. 8(b)(6). Allegations of damages must be proven. *See Geddes*, 559 F.2d at 560. The decision to grant or deny default judgment is within the discretion of the district court. *Eitel*, 782 F.2d at 1471.

Based on Defendants' failure to defend in the lawsuit, the Court now regards the facts alleged in the Complaint as true.[6] As a threshold matter, default was entered against Lovesurf because the company is not represented by a licensed attorney. *See* Dkt. No. 149; *Rowland v. Cal Men's Colony*, 506 U.S. 194, 201-202 (1993) (It is well settled that a "corporation may appear in the federal courts only through licensed counsel.").

### A. Factor 1 – Prejudice to Plaintiff

The first factor weighs in favor of entering default judgment in favor of Plaintiffs. Plaintiffs have stated valid causes of action and Lovesurf, Inc., the defaulting Defendant, has failed to participate in this action for failure to obtain counsel. Thus, Plaintiffs would continue to suffer injury from Lovesurf's use of the marks. Moreover, Plaintiffs lack other

---

[6] Plaintiffs' complaint alleged four causes of action including (1) violation of the Lanham Act re: trademark infringement; (2) slander; (3) defamation; and (4) interference with a business advantage. In their revised motion, Plaintiffs' seek only a permanent injunction. Accordingly, the Court addresses the trademark infringement cause of action which is directly linked to the permanent injunction that Plaintiffs' seek.

recourse to recover absent any answer from Lovesurf and this constitutes prejudice. *See* Dkt. No. 1, Compl. ¶ 48 ("Plaintiffs have no adequate remedy at law, and if Defendants' activities are not enjoined, Plaintiffs will continue to suffer irreparable harm and injury to its goodwill and reputation."). Accordingly, Plaintiffs' have suffered and would continue to suffer injury absent the imposition of a permanent injunction in this case. *See LG Corporation v. Huang*, 2017 WL 476539, at *5 (S.D. Cal. Feb. 6, 2017).

**B. Factors 2 and 3 – Claim Merits and Sufficiency of the Complaint**

To warrant entering a default judgment, the complaint's allegations must be sufficient to state a claim upon which relief can be granted. *Danning v. Levine*, 572 F.2d 1386, 1388 (9th Cir. 1978). A complaint satisfies this standard when the claims cross "the line from conceivable to plausible." *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009). In the present case, Plaintiff has alleged trademark infringement against Defendant Lovesurf, Inc.

The Lanham Act provides "national protection of trademarks in order to secure to the owner of the mark the goodwill of his business and to protect the ability of consumers to distinguish among competing producers." *Park 'N Fly, Inc. v. Dollar Park and Fly, Inc.*, 469 U.S. 189, 198 (1985). To prevail on a claim of trademark infringement, a plaintiff must show: "(1) that it has a protectible ownership interest in the mark; and (2) that the defendant's use of the mark is likely to cause consumer confusion." *Rearden LLC v. Rearden Commerce, Inc.*, 683 F.3d 1190, 1202 (9th Cir. 2012) (citation and internal quotation marks omitted).

**1. Protectable Ownership Interest in the Mark**

Federal registration of a trademark is prima facie evidence that the registrant is the owner of the mark. 15 U.S.C. § 1115(a). "[T]he registrant is granted a presumption of ownership, dating to the filing date of the application for federal registration, and the challenger must overcome this presumption by a preponderance of the evidence." *Sengoku Works Ltd. v. RMC Intern.*, 96 F.3d 1217, 1219 (9th Cir. 1996). This presumption is rebuttable. "[T]he non-registrant can rebut this presumption by showing that the registrant had not established valid ownership rights in the mark at the time of

registration—in other words, if the non-registrant can show that he used the mark in commerce first, then the registration may be invalidated." *Id.* at 1220.

Here, Plaintiffs' Complaint alleges that Plaintiffs created and first began using in commerce the Luv Surf Marks in August 2011, before Defendant Lovesurf, Inc. was incorporated on April 5, 2013. Dkt. No. 1, Comp. ¶¶ 9, 16–18, 20–30, 35, 40. Plaintiffs have sufficiently alleged that they first used the disputed trademarks in commerce, prior to Lovesurf, Inc.'s existence. In addition, Plaintiffs registered the Luv Surf Cloud Logo Dkt. No. 124-17, Reg. No. 4,390,537 and the Luv Surf Heart Logo, Dkt. No. 124-27, Reg. No. 4,578,570, with the USPTO. Accordingly, Plaintiffs are granted a presumption of ownership of these marks. *See* 15 U.S.C. § 1115(a). Further, the Court has dismissed Lovesurf, Inc.'s counterclaim and stricken its answer, as a consequence of is default—Lovesurf, Inc. thus cannot rebut Plaintiffs' Complaint. Accordingly, the Court concludes that Plaintiffs have demonstrated a protectable ownership interest in the mark.

**2. Likelihood of Confusion**

In analyzing whether there is a likelihood of confusion between the two marks at issue, courts consider eight factors known as the *Sleekcraft* factors. *Rearden*, 683 F.3d at 1199. These eight factors are (1) strength of the mark; (2) proximity of the goods; (3) similarity of the marks; (4) evidence of actual confusion; (5) marketing channels used; (6) type of goods and the degree of care likely to be exercised by the purchaser; (7) defendants' intent in selecting the mark; and (8) likelihood of expansion of the product lines. *Id.* (citing *AMF Inc. v. Sleekcraft Boats*, 559 F.2d 341, 348-49 (9th Cir. 1979), *abrogated in part by Mattel, Inc. v. Walking Mountain Prods.*, 353 F.3d 792 (9th Cir. 2003)).

Plaintiffs' complaint adequately alleges that a likelihood of consumer confusion resulted from the use of the trademarks. Dkt. No. 1, Compl. ¶¶ 9, 27, 45-46. Here, Plaintiffs alleged that they have a valid trademark registration for the mark. The two marks are similar in appearance, in name, and in color. *See* Dkt. No. 1, Compl., Ex. D. Moreover, the parties have previously stipulated that they compete in the same industry

and use the same channels of trade, and that their phonetically identical and stylistically similar ("Luv Surf" and "Lovesurf" marks with adjacent pink hearts) trademarks are confusingly similar to the consuming public and cannot coexist. Dkt. No. 124-37 at 2–3.

Accordingly, the Court finds that Plaintiffs' complaint, taking the facts as true as required in a motion for default judgment, adequately alleges trademark infringement. Consequently, the second and third *Eitel* factors weigh in favor of granting default judgment.

**C. Factor 4 – Sum of Money at Stake**

Here, Plaintiffs no longer seek any monetary damages and seek only a permanent injunction. *See* Dkt. No. 175-1 at 7 ("Plaintiffs do ***not*** request that money damages be awarded in the proposed final judgment against Lovesurf—even though they had previously requested at least $332,272"). Accordingly, this factor weighs neither in favor nor against granting the motion for default judgment.

**D. Factor 5 – Possibility of Factual Dispute**

Here, this factor turns on the degree of possibility that a dispute concerning material facts exists or may later arise. Here, Plaintiffs' allegations must be taken as true and the Defaulting Defendant Lovesurf has failed to defend as it has failed to acquire counsel. Accordingly, this factor favors Plaintiffs' as "there is no indication Defaulting Defendant[] will further defend against the action." *See LG*, 2017 WL 476539, at *9.

**E. Factor 6 – Reason for Default**

This factor turns on whether the Defaulting Defendant's default is the product of excusable neglect. *Eitel*, 782 F.2d at 1472. Here, there is no excusable neglect as Defendant Lovesurf is aware of the lawsuit, was properly served, and no attorney has appeared on its behalf. Accordingly, this factor favors a grant of default judgment. *See LG*, 2017 WL 476539, at *9; *Landstar Ranger, Inc. v. Parth Enterprises, Inc.*, 725 F. Supp. 2d 916, 922 (C.D. Cal. 2010) (finding this factor weighed in favor of default judgment where defendant "made no effort to defend itself.").

### F. Factor 7 – Policy Favoring Decision on the Merits

This factor, by its nature, is in favor of defendant because it encourages merits decision. Nonetheless, "[t]he fact that Rule 55(b) has been enacted . . . indicates that 'this preference, standing alone, is not dispositive.'" *Landstar Ranger*, 725 F. Supp. 2d at 922. While this factor weighs in favor of Defendant overall, the Court finds that the timely administration of justice outweighs the strong policy in favor of merits decisions. *See LG*, 2017 WL 476539, at *10 ("[I]n the present case there is no indication that a merits decision is practicable . . . here the timely administration of justice outweighs the strong policy for merits decisions.").

### G. Default Judgment Conclusion

Having considered the *Eitel* factors, the Court will **GRANT** Plaintiffs' Motion for Default Judgment.

## V. Conversion of Preliminary Injunction into Permanent Injunction

The Lanham Act "vests the district court with the power to grant injunctions according to principles of equity and upon such terms as the court may deem reasonable, to prevent the violation of any right of the trademark owner." *Reno Air Racing Ass'n v. McCord*, 452 F.3d 1126, 1137 (9th Cir. 2006) (citing 15 U.S.C. § 1116) (internal citations omitted). A party seeking a permanent injunction must show: "(1) that it has suffered an irreparable injury; (2) that remedies available at law such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of the hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *La Quinta Worldwide LLC v. Q.R.T.M., S.A. de C.V.*, 762 F.3d 867, 879 (9th Cir. 2014).

Plaintiffs' have demonstrated irreparable injury. Without a permanent injunction, Defendant Lovesurf, Inc. would continue to do business as "Lovesurf" and could actively sell products displaying the infringing "Lovesurf" brand and Lovesurf Marks. Such sale would lead to Plaintiffs' loss of profits and the potential for lost accounts with large

retailers such as Nordstrom, Inc., Urban Outfitters, Inc., and others. Several retailers have asserted that they would refuse to do business with Plaintiff without an injunction in place. *See* Kramer Decl., Dkt. No. 154 ¶ 15. Accordingly, the Court finds that Plaintiffs' would suffer irreparable harm absent the imposition of a permanent injunction.

Next, as to inadequate remedies at law, the Court finds that a permanent injunction is a particularly appropriate remedy in this trademark infringement action. *See Century 21 Real Estate Corp. v. Sandlin*, 846 F.2d 1175, 1178 (9th Cir. 1988) ("Injunctive relief is the remedy of choice for trade and unfair competition cases, since there is no adequate remedy at law for the injury caused by a defendant's continuing infringement. It is the remedy provided by federal and state trademark infringement statutes."). This is particularly true where there is no assurance that the infringing party will cease its misconduct. *See LG*, 2017 WL 476539, at *31-32; *Herman Miller v. Alphaville Design, Inc.*, 2009 WL 3429739, at *8 (N.D. Cal. Oct. 22, 2009) (granting permanent injunction on default where the Court held that "[defendant's] refusal to answer or appear in this action makes it difficult for plaintiff to prevent further infringement. An injunction would serve to prevent [defendant] from continuing to infringe plaintiff's trademarks.").

Third, the balance of hardships weighs in favor of Plaintiffs. Refraining from willful trademark infringement imposes no hardship on the infringing party. *See LG*, 2017 WL 476539, at *12; *Deckers Outdoor Corp. v. Ozwear Connection Pty Ltd.*, 2014 WL 4679001, at *13 (C.D. Cal. Sep. 18, 2014) (holding that there "is no hardship to a defendant when a permanent injunction would merely require the defendant to comply with [the] law" by refraining from trademark infringement). Plaintiffs, however, would suffer irreparable harm. Accordingly, the Court finds that the balance of hardships weighs in Plaintiffs' favor.

Finally, the issuance of a permanent injunction serves the public interest. "The public has an interest in avoiding confusion between two companies' products." *Internet Specialties W., Inc. v. Millon-DiGiorgio Enters., Inc.*, 559 F.3d 985, 993 n.5 (9th Cir. 2009). Here granting a permanent injunction protects Plaintiffs' federally protected

rights, which is in the public interest, and comes at no adverse effect on the public. *See Amini Innovation Corp. v. KTY Int'l Mktg.*, 768 F. Supp. 2d 1049, 1057 (C.D. Cal. 2011) ("Allowing such infringement of intellectual property discourages future innovation by failing to provide an adequate forum through which individuals and corporations can protect their own ideas."); *Ozwear*, 2014 WL 4679001, at *13 (same).

Accordingly, the Court will **GRANT** Plaintiffs' request for a permanent injunction. The terms of the permanent injunction are described below.

## CONCLUSION

Based on the foregoing, the Court will **GRANT**:

1. Plaintiffs' request to dismiss Defendant Brian MacDonald
2. Plaintiffs' motion for default judgment as to Defendant Lovesurf, Inc.
3. Plaintiffs' motion for a permanent injunction.
4. The hearing currently set for August 10, 2018 is **VACATED**

**IT IS THEREFORE ORDERED THAT:**

1. Pursuant to 16 U.S.C. § 1116 and Federal Rule of Civil Procedure 65, Lovesurf and its officers, agents, servants, employees, attorneys, owners and representatives, and all other persons, firms or entities in active concert or participation with Lovesurf (the "Restrained Parties") shall be, and hereby are, permanently enjoined and restrained from:

a. Using any trademark, name, or logo which includes the terms "LOVE" or "LUV" and the term "SURF" (or any related name variations or images depicting same; for example, a heart design along with the term "SURF" or the term "LOVE" with a big wave logo) in connection with any goods or services falling within any International Classification of Goods and Services in which Plaintiffs are using their trademarks or have registrations / applications pending, including, but not limited to the following list: IC 009, IC 014, IC 018, IC 024, IC025, IC 028, IC 035, IC 036 and IC 039;

b. Using any domain name or social media account that includes the terms “LOVE” or “LUV” and the term “SURF”.

c. Operating under the tradename “Lovesurf.”

d. The Restrained Parties are not enjoined from using the stylized heart logo as depicted in and covered by Registration No. 4,708,675, registered March 24, 2015 (a standalone heart logo without any word mark).

2. No later than ten (10) days from the date of this Order, Lovesurf shall, at its own expense, give actual notice of this Order to its officers, agents, servants, employees, attorneys, resellers, owners and representatives, and all other persons, firms or entities in active cooperation or participation with Defendant.

**IT IS FURTHER ORDERED that:**

3. The Court shall retain jurisdiction over this action to the extent necessary to enforce and interpret this order.

**IT IS SO ORDERED.**

Dated: July 12, 2018

Hon. Gonzalo P. Curiel
United States District Judge

cc:
Brian MacDonald
32158 Camino Capistrano #104-501
San Juan Capistrano, CA 92675-3720